IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SMITH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   C.A. No. 98-639-JJF |
| EX-POLICE CHIEF GUY D. BAYNARD, | ) ) ) ) |
|     Defendants. | ) |

**PROPOSED PRE-TRIAL ORDER**

1. <u>Statement of the Nature of the Action</u> - Plaintiff Dennis Smith asserts claims for false arrest pursuant to 42 U.S.C. § 1983 and Delaware common law. The claims are based on (1) plaintiff's November 16, 1996 arrest by defendant former Town of Frankford Police Chief Guy Baynard for falsely reporting an incident on November 9, 1996 and (2) plaintiff's December 14, 1996 traffic arrest by Chief Baynard on charges of speeding and failure to stop on command. The charges were subsequently dismissed by the Attorney General's Office.

    Defendant Baynard has denied plaintiff's allegations of lack of probable cause. He asserts the facts and circumstances available to him warranted a prudent officer in believing that plaintiff had committed or was committing an offense.

1

2. <u>Constitutional or statutory basis of federal jurisdiction</u> - Title 42 of the U.S. Code, Section 1983.

3. <u>Statement of Facts which are admitted</u> - On November 9, 1996 at 12:00 a.m. defendant Frankford Police Chief Guy Baynard responded to Shockley Street in Frankford in response to a parking violation complaint. The reporting person was plaintiff Dennis Smith. Plaintiff refused to explain the nature of his complaint to defendant Baynard. Later on November 9, 1996 Baynard prepared a warrant for plaintiff's arrest on a charge of falsely reporting an incident. Justice of the Peace William Wood found the existence of probable cause for the charge and signed the warrant on November 9, 1996. Plaintiff was arrested on November 16, 1996. The Attorney General's Office dismissed the charge on December 11, 1996.

4. <u>Statement of Issues of Fact which remained to be litigated</u> -

Defendant:

(a) Did Officer Baynard have probable cause for plaintiff's arrest on the charge of falsely reporting an incident? (Proposed by defendant only if the Court denies defendant's pending Motion with respect to the November 9, 1996 incident).

(b) Did Officer Baynard have probable cause for the traffic arrest of plaintiff on December 14, 1996 on charges of speeding and failure to stop on command?

Plaintiff:

5. <u>Statement of Issues of Law which remain to be litigated</u>-

Defendant: (a) Should plaintiff's Section 1983 claim for false arrest relating to the November 9, 1996 incident be dismissed because plaintiff's arrest occurred after defendant Baynard obtained a warrant from an independent judicial officer?

6. <u>List of Exhibits</u> -

Defendant:

1. Frankford Police Department Crime Report - 11/9/96;
2. Affidavit of probable cause for plaintiff's arrest for false report of an incident - 11/9/96;
3. 11/9/96 warrant signed by the Justice of the Peace William Wood;
4. 12/14/96 Frankford Police Department Crime Report.

Plaintiff:

7.  <u>Names and addresses of all witnesses</u> -

Defendant: Guy Baynard, Delaware State Police Officer J.P. Fraley.

Plaintiff:

8.  <u>Brief statement of what plaintiff intends to prove</u> -

9.  <u>Brief statement of what the defendant intends to prove</u> - Defendant intends to prove that Frankford Police Chief Guy Baynard had probable cause to arrest plaintiff Dennis Smith for speeding and failure to stop on command on December 14, 1996. Should plaintiff's claim for false arrest relating to the November 19, 1996 incident proceed to trial defendant also intends to prove that defendant Baynard had probable cause to arrest plaintiff Dennis Smith for falsely reporting an incident.

4

10. <u>Statements by counter claimants or cross claimants</u> -

11. <u>Any amendments of the pleadings</u> -

12. <u>A certification that a two-way certification has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement</u> - The undersigned so certify.

13. <u>Any other matters which the parties deem appropriate</u> - The Court's Order of 2/6/04 granted Defendants' Motion for Summary Judgment "with the exception of Count II, False Arrest." It is unclear whether the Court's decision applies only to the December 14, 1996 arrest for speeding and failure to stop on command and whether the Court has considered defendant's argument that plaintiff's false arrest claim relating to the November 19, 1996 incident should be dismissed because plaintiff's arrest occurred after defendant Baynard obtained a warrant from an independent judicial officer.

14. <u>This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest and justice</u> -

```
                                    _____
                                    Mr. Dennis Lee Smith
                                    P.O. Box 311
                                    Selbyville, DE 19975

Dated: _____


                                    _____
                                    Bruce C. Herron, Esquire
                                    Akin & Herron, P.A.
                                    1220 N. Market Street, Suite 608
                                    Wilmington, DE   19801
                                    I.D. No. 2315
                                    (302) 427-6987
                                    Attorney for Defendant

Dated: _____



H:\tmw5\data\files\Docs\3434.000\PRET\4507.wpd
```