IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
DENNIS SMITH,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    C.A. No. 98-639-JJF
                                 )
EX-POLICE CHIEF GUY D.           )
BAYNARD,                         )
                                 )
        Defendants.              )
```

_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**BRUCE C. HERRON, ESQUIRE** (I.D. #2315), 1120 N. Market Street, Suite 300, P.O. Box 25047, Wilmington, Delaware 19899, Attorney for the Defendant.

1

# TABLE OF CONTENTS

**PAGE**

J-1: Description of Case; Summary of Applicable Law     1

J-2: Conduct of the Jury     2-3

J-3: Bench Conferences     4

J-4: Evidence     5-6

J-5: Direct and Circumstantial Evidence     7

J-6: Credibility of Witnesses     8

J-7: Preponderance of the Evidence     9

J-8: Description of Trial Proceedings     10-11

J-9: Recess Admonition     12

J-10: Section 1983 Introductory Instruction     13

J-11: Section 1983 - Action under Color of State Law     14

J-12: Section 1983 - Deprivation of a Federal Right     15-16

J-13: Section 1983 - Compensatory Damages     17-19

J-14: Section 1983 - Nominal Damages     20

J-15: Section 1983 - Unlawful Seizure     21

J-16: Section 1983 - Unlawful Seizure - Arrest -     22-23
Warrant Application

J-17: Section 1983 - Burden of Proof in Civil Cases     24

**J-1: Description of Case; Summary of Applicable Law:**

In this case, plaintiff Dennis Smith asserts a claim for false arrest based on a December 14, 1996 traffic arrest by defendant former Town of Frankford Police Chief Guy D. Baynard on charges of speeding and failure to stop on command. Defendant Baynard denies this claim and asserts the facts and circumstances available to him warranted a prudent officer in believing that plaintiff had committed or was committing an offense. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that plaintiff must prove to make his case:

Plaintiff must prove that defendant Chief Baynard did not have probable cause for the arrest. To determine whether probable cause existed, you will consider whether the facts and circumstances available to Chief Baynard would warrant a prudent officer in believing plaintiff Dennis Smith committed or was committing an offense.

Source: Third Circuit Model Jury Instruction 1.2.

**J-2: Conduct of the Jury:**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retried to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, of the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Source: Third Circuit Model Jury Instruction 1.3.

**J-3: Bench Conferences**:

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minium.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Third Circuit Model Jury Instruction 1.4.

**J-4: <u>Evidence</u>:**

The evidence from which you are to find the facts consists of the following:

    1.    The testimony of the witnesses;

    2.    Documents and other things received as exhibits;

    3.    Any facts that are stipulated-that is, formally agreed to by the parties; and

    4.    [Any facts that are judicially noticed-that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

    1.    Statements, arguments, and questions of the lawyers for the parties in this case;

    2.    Objections by lawyers;

    3.    Any testimony I tell you to disregard; and

    4.    Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in Court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If

your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.


Source: Third Circuit Model Jury Instruction 1.5.

8

**J-5: Direct and Circumstantial Evidence:**

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses-something the witness has seen, felt, touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining outside, and you believed him, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.


Source: Third Circuit Model Jury Instruction 1.6.

**<u>J-6: Credibility of Witnesses</u>:**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

1.   the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2.   the quality of the witnesses's understanding and memory;

3.   the witness's manner while testifying;

4.   whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.   whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6.   how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7.   any other factors that bear on believability.


Source: Third Circuit Model Jury Instruction 1.7.

**J-7: Preponderance of the Evidence**:

This is a civil case.  Dennis Smith is the party who brought this lawsuit.  Guy Baynard is the party against which the lawsuit was filed.  Mr. Smith has the burden of proving his case by what is called the preponderance of the evidence.  That means that Mr. Smith has to prove to you, in light of all the evidence, that his claim is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Mr. Smith and the evidence favorable to Guy Baynard on opposite sides of the scales, Mr. Smith would have to make the scales tip somewhat on his side.  If Mr. Smith fails to meet this burden, the verdict must be for Guy Baynard.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source: Third Circuit Model Jury Instruction 1.10.

11

**J-8: Description of Trial Proceedings**:

The trial will proceed in the following manner:

First, plaintiff will make an opening statement to you. Next, Bruce C. Herron, attorney for the defendant may make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  [A party is not required to make an opening statement.]

After both parties have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

Mr. Smith goes first because Mr. Smith has the burden of proof.  He will present witnesses who counsel for Guy Baynard may cross-examine.  Mr. Smith may also present evidence.  Following his case the defendant may present evidence.  Mr. Smith may cross-examine witnesses for the defense. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, Mr. Smith will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to his position.  As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will then instruct you on the law.] After that you will retire to the jury room to deliberate

12

on your verdict in this case.

Source: Third Circuit Model Jury Instruction 1.12.

**J-9: Recess Admonition:**

We are about to make [our first] [a] recess [and I remind you of the instruction I gave you earlier].  During this recess and any other recess, you must not discuss this case with anyone, including your fellow juror, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.] Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

Source: Third Circuit Model Jury Instruction 2.14.

**J-10: Section 1983 Introductory Instruction:**

Plaintiff is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] rights under color of state law.

Source: Third Circuit Model Jury Instruction 4.1.

**J-11: Section 1983 - Action under Color of State Law**

    Because Chief Baynard was an official of the Town of Frankford at the relevant time, I instruct you that he was acting under color of state law.  In other words, this element of plaintiff's claim is not in dispute, and you must find that this element has been established.

Source: Third Circuit Model Jury Instruction 4.4.1.

**J-12: Section 1983 - Deprivation of a Federal Right:**

I have already instructed you on the first element of plaintiff's claim, which requires plaintiff to prove that defendant acted under color of state law.

The second element of plaintiff's claim is that defendant deprived him of a federal [constitutional right].

An arrest is a "seizure," and the Fourth Amendment prohibits police officers from arresting a person unless there is probable cause to do so.

You must decide whether plaintiff has proved by a preponderance of the evidence that defendant lacked probable cause to arrest plaintiff.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to defendant would warrant a prudent officer in believing that plaintiff had committed or was committing a crime or violation of the law.

In this case the state prosecutor decided not to prosecute the charges against plaintiff. The decision whether to prosecute is within the prosecutor's discretion, and he or she may choose not to prosecute a charge for any reason. Thus, the decision not to prosecute plaintiff does not establish that defendant lacked probable cause to arrest plaintiff. You must determine whether defendant had probable cause based upon the facts and

circumstances known to defendant at the time of the arrest, not what happened afterwards.

Probable cause requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt. The standard of probable cause represents a balance between the individual's right to liberty and the government's duty to control crime. Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable officers.

Source: Third Circuit Model Jury Instruction 4.5.

**J-13: Section 1983 - Compensatory Damages:**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendant should be held liable.

If you find defendant liable, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of defendant's conduct.

Plaintiff must show that the injury would not have occurred without defendant's act or omission.  Plaintiff must also show that defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act or omission.  There can be more than one cause of an injury. To find that defendant's act or omission caused plaintiff's injury, you need not find that defendant's act or omission was te nearest cause, either in time or space.  However, if plaintiff's injury was accused by a later, independent event that intervened between defendant's act or omission and plaintiff's injury, defendant is not liable unless the injury was reasonably foreseeable by defendant.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages:

Emotional and mental harm during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiff is reasonably certain to experience in the future.

Plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant.  It is defendant's burden to prove that plaintiff has failed to mitigate.  So if defendant persuades you by a preponderance of the evidence that plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your

calculation of any damages.

Source: Third Circuit Model Jury Instruction 4.8.1.

**<u>J-14: Section 1983 - Nominal Damages</u>:**

If you return a verdict for plaintiff, but plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Source: Third Circuit Model Jury Instruction 4.8.2.

**<u>J-15: Section 1983 - Unlawful Seizure</u>:**

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable seizures by the police.  A law enforcement official may only seize a person (for example, by stopping or arresting the person) if there is appropriate justification to do so.

In this case, plaintiff claims that defendant subjected plaintiff to an unreasonable arrest in violation of the Fourth Amendment.  To establish this claim, plaintiff must prove each of the following three things by a preponderance of the evidence:

First: Defendant intentionally arrested plaintiff for the offenses of speeding, failure to stop and assault of a police officer and falsely reporting an incident.

Second: those acts subjected [plaintiff] to a "seizure."

Third: The "seizure" was unreasonable.

I will now give you more details on how to decide whether a seizure is reasonable.

Source: Third Circuit Model Jury Instruction 4.12.

**J-16: Section 1983 - Unlawful Seizure - Arrest - Warrant Application:**

In this case, prior to arresting plaintiff on the charge of falsely reporting an incident, defendant obtained a warrant authorizing the arrest.

To show that the arrest pursuant to this warrant violated the Fourth Amendment, plaintiff must prove each of the following three things by a preponderance of the evidence:

First: In the warrant affidavit, defendant made false statements, or omissions that created a falsehood.

Second: Defendant made those false statements or omissions either deliberately, or with a reckless disregard for the truth.

Third: Those false statements or omissions were material, or necessary, to the finding of probable cause for the arrest warrant.

Omissions are made with reckless disregard for the truth when an officer omits facts that are so obvious that any reasonable person would know that a judge would want to know those facts. Assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he is asserting. It is not enough for plaintiff to prove that defendant was negligent or that defendant made an innocent mistake.

24

To determine whether any misstatements or omissions were material, you must subtract the misstatements from the warrant affidavit, and add the facts that were omitted, and then determine whether the warrant affidavit, with these corrections, would establish probable cause.

Source: Third Circuit Model Jury Instruction 4.12.3.

**<u>J-17: Section 1983 - Burden of Proof in Civil Cases</u>:**

As you know, plaintiff's claims in this case relate to his arrest for the offenses of speeding, failure to stop and assault of a police officer and falsely reporting an incident.

This is a civil case.  Plaintiff has the burden of proving his case by the preponderance of the evidence.  That means plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  In other words, if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, the verdict must be for defendant.

Source: Third Circuit Model Jury Instruction 4.13.1.

26