IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 98-639-JJF |
| | ) |
| EX-POLICE CHIEF GUY D. BAYNARD, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT GUY D. BAYNARD'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER OF FEBRUARY 6, 2004 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION**

Defendant moves for clarification of the Court's Order of February 6, 2004 (D.I. 57). In support on his Motion, defendant states as follows:

1. On October 5, 2000 defendants Guy D. Baynard, Frankford Police Department and Town Council members Kay A. Olmstead, Jessie Truitt, Albert Oliver, Steven C. Brought, Kenneth Lynch, Thomas Esender and Theodore Elser moved for summary judgment as to all claims against all defendants except for the 42 U.S.C. § 1983 false arrest claim against defendant Guy D. Baynard related to plaintiff's December 14, 1996 arrest. (D.I. 57).

2. In the Opening Brief in Support of their Motion (D.I. 58) defendants argued that defendant Town Council members were entitled to summary judgment in their individual capacities because they were not involved in the arrests of plaintiff by defendant Baynard. Defendants noted "the Complaint fails to

1

allege, and discovery has not revealed, any actions taken by the individual Council members in the...arrest...of plaintiff." Defendants also argued that there was no evidence of a municipal "custom or policy" leading to the arrests which could implicate the Frankford Police Department or the Council Members in their official capacities. Monell v. Dept. of Social Services, 436 U.S. 658, 642 (1978).

3. Plaintiff never filed an Answer Brief in Opposition to Defendants' Motion for Summary Judgment. The discovery deadline has long since passed.

4. On February 9, 2004 the Court granted Defendant's Motion for Summary Judgment "with the exception of Count II False Arrest." (D.I. 57).

5. Defendants believe the Court intended to dismiss all claims against all defendants except the 42 U.S.C. § 1983 false arrest claims against defendant Baynard. During discussions with the pro se plaintiff Mr. Smith it has become apparent that he believes the other defendants remain in the case.

6. Because plaintiff never filed an Answer Brief in Opposition to Defendants' Motion and because there is no evidence of (a) any municipal "custom or policy" leading to the alleged deprivation of plaintiff's constitutional rights or (b) that the individual Town Council members played any role in Chief Baynard's decision to arrest plaintiff, defendant requests that

2

the Court issue an Order dismissing all defendants with the exception of Guy D. Baynard.

**WHEREFORE**, defendant Guy D. Baynard requests that the Court clarify its Order of February 9, 2004 by dismissing all claims against all defendants with the exception of the false arrest claims against defendant Guy D. Baynard.

                               **AKIN & HERRON, P.A.**

                               /s/ Bruce C. Herron
                               Bruce C. Herron
                               Atty. I.D. No. 2315
                               1500 Shallcross Avenue
                               Suite 1-A
                               Wilmington, DE 19806
                               (302) 427-6987
                               Attorney for Defendant

Dated: May 16, 2007

H:\tmw5\data\files\Docs\3434.000\MOT\7582.WPD