IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

*Original*

| | |
|---|---|
| DENNIS L. SMITH | ) |
| Plaintiff, | ) Case No. **98 - 00639 - JJF** |
| v. | ) Federal Question(s) |
| | ) See; 28 U.S.C.A. § <u>144</u>. § 1343. |
| | ) "Arbitrary & Capricious" |
| | ) "Abuse of Authority- Despotic |
| | )  Malfeasance, Color of Authority, |
| | )  multiple Wrongful - "Ungodly" |
| | )  Manifest, - Repeated still ) |
| | )  continuing Violation(s); of J.J.F. |
| Frankford Township, & Terminated | ) |
| {former - notorious}, Chief of Police | ) |
| Guy D. Baynard et. Al, | ) |
| Defendant(s) | ) |

*FILED 2007 SEP 21 PM 4:39 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE*

## Motion to Stay 98 – 639 – JJF's MEMORANDUM ORDER dated August 30, 2007

Manifest Imperative

"Motion" for a Fully Patently Constitutional "Stay", of Civil Action No. 98 – 639 –

JJf As a Matter of Law,.This Motion for, "Stay" shall be constitutionally

"GRANTED",   — *This order is Attached* —

**{A}.** In the lawful interest of "Justice,."

**{B}.** To, finally at least purport superficially, to finally be fair, to a "African –

American" - Native / litigant, constituent of the 01st state,.

1

**{C}.** In light of multiple - wrongful questionable violation(s), of Title **28 U.S.C.A. § 144**. As a Matter of Court - Record. Of the Heretofore Despotic, bench of JJF,.

**{D}.** As, in the very Relevant / pertinent Adverse but truthful fact(s), of unquestioned {Prohibited - bias}, exact - evidenced, proof(s) as in my **filed** July 19' 2007 motion legally forwarded to this court, which contains my Exhibit "A" and " B",. which de facto / Honorable Joseph J. Farnan Jr., does not want his person implicated,. Too late,.

**{E}.** To show constitutional uniformity in this de facto / notorious federally owned & operated court of law,. This **"Motion"** for **"Stay,"** shall be "Granted," (via) "Sua sponte," at the Honorable convience of the Court,. As a Matter of Law,.

If this " **Motion to Stay** " is not granted it will be a **manifest injustice** and it would seem that this court CONDONES **Racial** and **Hateful** wrongdoings.

Respectfully, Submitted,

Mr. Dennis L. Smith " Pro se "
P.O. Box 311
Selbyville, Delaware 19975 - 0311

Date September 21, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH<br><br>    Plaintiff,<br><br>v.<br><br><br><br>Frankford Township, & Terminated<br>{former - notorious}, Chief of Police<br>Guy D. Baynard et. Al,<br><br>    Defendant(s) | Case No. **98 - 00639 - JJF**<br><br>**Federal Question(s)**<br>See; 28 U.S.C.A. § <u>144</u>. § 1343.<br>"Arbitrary & Capricious"<br>"Abuse of Authority- Despotic<br>Malfeasance, Color of Authority,<br>multiple Wrongful - "Ungodly"<br>Manifest, - Repeated still )<br>continuing Violation(s); of J.J.F. |

**AFFIDAVIT OF DENNIS L. SMITH**

STATES OF DELAWARE  :
                                 : SS.
NEW CASTLE COUNTY   :

    The, preceding - indelible truthful – statement(s) in the **Motion to STAY**, are true to the best of my knowledge and belief(s); of; Dennis L. Smith and are in full vehement compliance / Compliance(s) Here-with / Here – under;

28 U.S.C.A. § 1746, and 18 U.S.C.A. § 1621.

_/s/ Dennis L. Smith_                         September 21, 2007
Dennis L. Smith                                          Date

# CERTIFICATE OF SERVICE

    I hereby certify that two true copies of the **MOTION to STAY** have been certified mailed or hand delivered on this __21__ day of September 2007, to defendants' counsel and the following addresses:

| | |
|---|---|
| Judge Joseph J. Farnan, Jr.<br>Office of the Clerk<br>United States District Court<br>844 N. King Street, Lockbox 18<br>Wilmington, DE 19801-3570<br>**Hand Delivered** | The Honorable Robert Daisey, Mayor<br>of the Town of Frankford<br>P.O. Box 550<br>#5 Main Street<br>Frankford, Delaware 19945<br>**Certified Mail**<br>**7002 2410 0001 0232 9843** |
| **Mr. Bruce C. Herron esq.,**<br>1220 North Market Street # 300<br>P.O. Box 25047<br>Wilmington, Del., 19899-5047<br>**Hand Delivered** | **Ms. Dianna L. Mondeau**<br>Scottadale Insurance Company<br>P.O. Box 4120<br>Scottadale, AZ 85261-4120<br>**Certified Mail**<br>**7005 3110 0003 8874 4214** |

All mentioned above, certified mailed or hand Delivered by Dennis L. Smith

_____
Dennis L. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SMITH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 98-639-JJF |
| EX-POLICE CHIEF GUY D. BAYNARD, | : |
| Defendant. | : |

### MEMORANDUM ORDER

Presently before the Court are two Motions: a Motion To Recuse (D.I. 143)[1] filed by Plaintiff, and a Motion To Strike Exhibits A and B Attached To Plaintiff's Motion To Recuse (D.I. 145) filed by Defendant. For the reasons discussed, the Motion To Recuse will be denied, and the Motion To Strike will be granted.

**I.  Motion To Recuse**

Pursuant to 28 U.S.C. § 455, "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) specifically provides that recusal is required when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

---

[1]  Plaintiff's Motion was untitled; however, it references disqualification under 28 U.S.C. § 455(b)(1), and therefore, it has been construed as a Motion To Recuse. (D.I. 142).

Following the dictates of Section 455(a), a judge should be disqualified if a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. See Krell v. Prudential Insurance Company of America, 148 F.3d 283 (3d Cir. 1998). However, absent such a showing, a judge has an affirmative duty not to recuse himself or herself from a case. Greater New York Mutual Ins. Co. v. North River Ins. Co., 1995 WL 214410, *1 (E.D. Pa. 1995).

The Court has reviewed Plaintiff's Motion and concludes that it provides no basis upon which to justify recusal from this matter. Plaintiff appears to support his request for recusal on the fact that this case has been pending since 1998. The case has a lengthy procedural history which includes discovery delays (D.I. 67, 68, 69, 70, 71, 72, 73, 74), numerous requests by the Court for the parties to provide the Court with the status of this action during periods of inactivity and/or settlement negotiations (D.I. 65, 66, 104, 122, 131), and several changes of counsel for Plaintiff, who has ultimately decided to proceed pro se. On June 29, 2006, the parties mutually requested that this matter be referred to the magistrate judge for mediation. (D.I. 115).

Settlement discussions between the parties continued for months, and on February 28, 2007, the Court received a letter (D.I. 124) from defense counsel requesting that a trial date be set, even though settlement discussions were continuing. The

Court scheduled a pretrial conference for May 10, 2007, and shortly before the pretrial conference, Plaintiff filed a Motion For Summary Judgment (D.I. 127), followed by a Motion To Strike (D.I. 130) by Defendant.

At the pretrial conference, the parties continued to express an interest in settling the case, and the Court issued an Order requiring a status report regarding settlement discussions no later than June 29, 2007, and reserving judgment on the pending Motions until the status report was received. (D.I. 131). The Court also indicated that the pending motions would be resolved before the end of July 2007, if settlement was not reached, and that a trial would be scheduled.

Before receiving the contemplated status report, Defendant requested clarification of the Court's February 9, 2004 Order dismissing all of Plaintiff's claims, except for his false arrest claim against Defendant Baynard. (D.I. 133). According to Defendant, he learned in conversations with Plaintiff that Plaintiff believed that other defendants remained in this case. The request for clarification was granted on July 5, 2007, and a final judgment order in favor of all Defendants and against Plaintiff on all claims except for Plaintiff's false arrest claim against Defendant Baynard was entered. (D.I. 140, 141).

Defendant filed a status report (D.I. 136) concerning the ongoing settlement discussions on June 29, 2007. Plaintiff filed a similar report on July 2, 2007 (D.I. 137). Defendant indicated

that there was some progress but a wide gap existed between the parties, such that settlement was not imminent. Plaintiff's letter recited the settlement history regarding the action and reiterated his settlement demands. Finally, on July 19, 2007, Plaintiff filed the instant Motion For Recusal. The Court will address the recusal motion. Plaintiff's Motion For Summary Judgment and Motion For Reconsideration will be decided separately.

At their request, the parties have been involved in independent settlement discussions for over a year. Other than requests for status reports, the Court has not been involved in the settlement discussions. The Court has no knowledge concerning the details of the parties' discussions and has not formed or announced any opinions about the facts of the case. Accordingly, there are no grounds to support recusal in this matter, and therefore, the Motion will be denied.

As indicated above, separate orders will be issued regarding the pending Motion For Summary Judgment and the remaining Motions filed by the parties. An Order will also be entered scheduling Trial.

## II. Motion To Strike

As for Defendant's Motion To Strike Exhibits A and B attached to Plaintiff's Motion To Recuse, the Court will grant the Motion. Federal Rule of Evidence 408 expressly bars all "[evidence] of conduct or statements made in compromise

negotiations." Exhibit A is a tape recording of settlement negotiations and Exhibit B references statements made by defense counsel at settlement negotiations. Accordingly, the Court will strike these exhibits from the record.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion To Recuse (D.I. 143) is **DENIED**.

2. Defendant's Motion To Strike Exhibits A and B Attached To Plaintiff's Motion To Recuse (D.I. 145) is **GRANTED**.

August 30, 2007
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE