IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
DENNIS SMITH,                       :
                                    :
              Plaintiff,            :
                                    :
     v.                             :  Civil Action No. 98-639-JJF
                                    :
EX-POLICE CHIEF GUY D.              :
BAYNARD,                            :
                                    :
              Defendant.            :
```

**MEMORANDUM ORDER**

Pending before the Court are five Motions filed by
Plaintiff:  (1) a Motion For Summary Judgment (D.I. 127); (2) a
Motion For Reconsideration (D.I. 144) of the Court's July 5, 2007
Order granting Defendant's Motion For Clarification (D.I. 140);
(3) a Motion To Stay the Court's Memorandum Order dated August
30, 2007 denying Plaintiff's request for recusal; (4) a Motion To
Expedite (D.I. 154); and (5) a Motion To Vacate (D.I. 155).  In
response to Plaintiff's Motion For Summary Judgment, Defendant
has filed a Motion To Strike (D.I. 130).  Plaintiff has not
responded to the Motion To Strike, and Defendant has not filed a
response to any of Plaintiff's other pending Motions.  However,
the Court concludes that no further briefing is required with
respect to the pending motions, and they may be properly
adjudicated as filed.  Accordingly, the Court will address each
Motion in turn.

I.    **Plaintiff's Motion For Summary Judgment and Defendant's
      Motion To Strike**

By his Motion, Plaintiff requests the Court to enter summary
judgment in his favor regarding his false arrest claims.
Defendant contends that the Motion is untimely and should be
stricken because dispositive motions were due on or before May 8,
2003.    Plaintiff filed his Motion on May 4, 2007, six days before
the second pre-trial conference set in this matter.

The Court has reviewed the parties' arguments and concludes
that Plaintiff's Motion For Summary Judgment is untimely, and
therefore, will be stricken.    By separate Order, the Court will
schedule trial on Plaintiff's false arrest claims against
Defendant Baynard.[1]

_____

[1]    Though not entirely clear, it appears to the Court from
Plaintiff's other filings, that Plaintiff is concerned that the
Court's July 5, 2007 Clarification Order had the effect of
dismissing one of his false arrest claims against Defendant
Baynard, specifically, his claim based on the November 15, 1996
arrest.    (See D.I. 155.)    The Court's Clarification Order was not
intended to limit Plaintiff's false arrest claims against
Defendant Baynard, and the Court's reference to the "false arrest
claim" in the singular was meant to embrace the totality of his
claims including the allegations related to both the November 15,
1996 arrest and the December 14, 1996 arrest.    Indeed, the latest
Proposed Pretrial Order filed by Defendant Baynard in this case
reflects the understanding that Plaintiff is proceeding against
Defendant Baynard on two false arrest claims stemming from two
separate incidents.

To the extent Defendant renewed his request for summary
judgment regarding the November 15, 1996 arrest, the Court
concludes that Defendant is not entitled to summary judgment.
Defendant renewed his request for summary judgment by letter
(D.I. 93) without the filing of any subsequent briefing.
However, it appears from the Pretrial Order, that the question
presented with regard to the November 15, 1996 arrest is whether

## II.  Plaintiff's Motion For Reconsideration Of The Court's July 5, 2007 Order

By his Motion Plaintiff requests the Court to reconsider its

July 5, 2007 Order on Defendant's Motion For Clarification.  The

purpose of a motion for reconsideration is to correct manifest

errors of law or fact or to present newly discovered evidence.

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A

motion for reconsideration may be granted if the moving party

shows: (1) an intervening change in the controlling law; (2) the

_____

the claim should be dismissed because Defendant Baynard obtained
a warrant for Plaintiff's arrest from an independent judicial
officer, i.e. an immunity argument. (See D.I. 58 at 9.)  In his
original Motion For Summary Judgment, Defendant directed the
Court to Malley v. Briggs, 475 U.S. 335 (1986), for the
proposition that Defendant was immune from suit because he
obtained an independent judicial warrant.  However, Malley does
not stand for that proposition.  In Malley, the Supreme Court
concluded that an officer is not entitled to qualified immunity
on the sole basis that a judicial officer issued a warrant.
Rather, the question is whether a reasonably well-trained officer
in the position of the defendant would have known that his
affidavit failed to establish probable cause, and therefore, he
should not have applied for a warrant in the first place.  Id. at
345; see also Berg v. County of Allegheny, 219 F.3d 261, 272-274
(3d Cir. 2000).  Defendant does not advance any facts or argument
related to this issue, and bases his defense on the sole fact
that a judicial officer issued a warrant.  The charges against
Plaintiff were dismissed shortly after his arrest, and one of
Plaintiff's complaints concerning Defendant Baynard is that he
acted with racial animus.  In the Court's view, factual issues
remain as to the reasonableness of Defendant Baynard's conduct
under the circumstances, and therefore, full development of the
record through trial on the merits is required.  Accordingly, the
Court concludes that Defendant has not established, at this
juncture, that he is entitled to judgment as a matter of law with
respect to Plaintiff's claim based on the November 15, 1996
arrest.  In sum, this case is proceeding to trial on two claims
of false arrest pursuant to 42 U.S.C. § 1983 and the common law
based on two alleged incidents of false arrest, one on November
15, 1996 arrest and the other on December 14, 1996.

availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del.1990) (citations omitted); see also D. Del. LR 7.1.5.

Plaintiff has not provided the Court with any legal basis upon which to grant a request for reconsideration. The Court trusts that any confusion with respect to the language of the July 5, 2007 Order is clarified by footnote 1 to this Memorandum Order. To the extent Plaintiff expresses any other disagreement with the Order, the Court concludes that such disagreement is insufficient to warrant reconsideration. The Court's July 5, 2007 Order and subsequent Judgment Order accurately reflects the

current posture of this case. Summary judgment has been granted
as to all of Plaintiff's claims, except for his false arrest
claims against Defendant Baynard, which include allegations
related to both the November 15, 1996 arrest[2] and the December
14, 1996 arrest. Those claims remains pending, and judgment was
properly entered against the other Defendants in this case.
Accordingly, the Court will deny Plaintiff's Motion For
Reconsideration.

### III. Plaintiff's Remaining Motions

Though titled differently, each of Plaintiff's remaining
pending motions essentially seeks the same thing, i.e.
reconsideration of the Court's Order denying Plaintiff's Motion
To Recuse. Plaintiff has not demonstrated that the Court abused
its discretion in denying his Motion To Recuse, and therefore,
the Court concludes that Defendant is not entitled to relief.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Summary Judgment (D.I. 127) is
**DENIED**.

2. Plaintiff's Motion For Reconsideration (D.I. 144) of
the Court's July 5, 2007 Order granting Defendant's Motion For

---

[2]     The Court notes that Plaintiff's submissions refers to
the date of the alleged false arrest as November 15, 1996 and
Defendant's submissions in this case indicate that the date is
November 16, 1996. For purposes of this Memorandum Order, the
Court has relied upon the date asserted by Plaintiff. In any
event, however, the claim related to the November incident,
whichever date is correct, remains pending along with the claim
related to the December 14, 1996 incident as discussed by the
Court in footnote 1 of this Memorandum Order.

Clarification (D.I. 140) is **DENIED**.

    3.    Plaintiff's Motion To Stay the Court's Memorandum Order dated August 30, 2007 denying Plaintiff's request for recusal is **DENIED**.

    4.    Plaintiff's Motion To Expedite (D.I. 154) is **DENIED**.

    5.    Plaintiff's Motion To Vacate (D.I. 155) is **DENIED**.

    6.    Defendant's Motion To Strike (D.I. 130) is **GRANTED**.

October 31, 2007
DATE

UNITED STATES DISTRICT JUDGE