# In And For
# The 03rd Judicial Circuit
# Of
# These United States

Original

| | | |
|---|---|---|
| Mr. Dennis L. Smith | ) | |
| | ) | |
| Interlocutory - Appellant, | ) | |
| | ) | |
| | ) | C. A. No. *98 - 639* |
| | ) | *U S DC - DE* |
| vs. | ) | |
| | ) | **28 U.S.C.A § 144.** |
| | ) | |
| Frankford Township, and Terminated | ) | **Abuse of Discretion - JJF** |
| {former – notorious}, Chief of Police | ) | **Manifest - Injustice** |
| Guy D. Baynard et al, | ) | |
| | ) | |
| Interlocutory - Appellee(s) | ) | |

## "INTERLOCUTORY - APPEAL"

## Re: 28 U.S.C.A § 1292(a)(1). § 1331. § 1343 § 1657.

**NOTICE OF PROHIBITED OVERT - INTENTIONAL MANIFEST - INJUSTICE**

and Total Conspiracy – Collusion / Collusive based proscribed **de facto**

**OBSTRUCTION(s)** of Justice due to: " Totally – unconstitutional Despotic very

unrealistic Judicial canon'(s) of JJF.

{01}. **28 U.S.C.A. § 1343**. -- Civil Rights and Elective Franchise.

{02}. 42 U.S.C.A **§ 1985(3)**. – Full blown, chain – link – chain documented wrongful

　　　- depraved – like mind; de facto **conspiracy**.

And thus, just these two combined Rational basis test., Based cognizable self – executing

– lethal totally Revelant / pertinent United States code annotated statue(s), easily provide

1

for { Sua Sponte }, based immediate / instantaneous Federal – injunctive RELIEF; as a matter of Law.

PLEASE TAKE LEGAL NOTICE;

Due to the illicit, continuing / still continuing adverse docketed totally arbitrary and caprious Racist - biased collusion per se. To illegally impede my inalienable / unprejudiced U.S ART III Federal Court, legal common – place adjudication, {civil – Action } based solely on the merit(s) and General Relevant mechanic(s) of; civil – Action No. 98 – 639 -----

Dear – Clerk / Deputy Clerk

Please Take Notice;

Although I am " Pro se " I am totally " **Equal under the Law**. See; U.S. Const, 14th amendment.

Please by all mean(s), at all deliberate, speed Docket this Interlocutory case based also Here – under;

{A}. 28 U.S.C.A § 1292(a)(1). Interlocutory – decision(s); Per se I, ( Mr. Dennis L. Smith ) hereby " Retro – Actively " under the viably Law; do legally petition this 03rd United States circuit of " Appeal(s) ", **For Equal Justice under the Law**.

**I, ( Mr. Dennis L. Smith Pre se ) have been illegally played with (via) the ( Racist – Despot(s) ) of the de facto U.S. District of Delaware and other(s) who know who they are**. Please see attached " **INSTRUCTIONS, CONCERNING EASY TO PROVE CHAIN CONSPIRACY BELOW:**"

I, hereby file these " Emergency Motion(s) " based on these(s) unequivocal Adverse culpable fact(s) against so – called on the record Legal – Counsel for Defendant / Appellee(s) and Heretofore presiding de facto Judge / Justice; JJF.

{01}.    This ungodly – Racist intentional unlawful / continuing , / still illegally continuing de facto wrongful CONSPIRACY explicitly based; also Hereunder; 28 U.S.C.A § 1343. - " Civil - Right(s) " and " Elective – Franchise illegally combined Herewith;

**The illicit deceitful;**

{02}.    **42 U.S.C.A § 1985(3)**. -- There should not be wrongful conspiracie(s) or any Hood – winking of; 28 U.S.C.A. § 1442(a)(3). Of Federally owned and operated Court(s) of Law. There is an unlawful full blown proscribed, de facto collusion – based wrongful **Conspiracy against,** my person. In inferior civil Action 98 – 639 ---- in the Gravamen. " Bottom – Line ", is to **continue to; Obstruct – Justice,** in this **Prima Facie case**. In which is, {Patently – Violative} and of express, constitutional prohibition(s), as a matter of Law, and **YES, I am Pro se, but I have the absolute truth on my side**.

Again, Please Review; my **Prima Facie** Relevant attached **" INSTRUCTIONS, CONCERNING EASY TO PROVE CHAIN CONSPIRACY BELOW:",** that prove far, far and beyond;

Intentional / Arbitrary and Capricious Color of office abuse of Discretion Malfeasance - Mal – Act(s), of the Super de facto Federal judge Joseph J. Farnan Jr.

3

**For the Recorder, this civil case No. 98 - 639 ---- is approximately Eight (8) years old !!**

To:  Ms  Marcia M. Waldron – Clerk

To:  The Honorable Circuit Justice
     Honorable / Unprecedented
     David H. Souter of the Illustrious – Eminent {9}
     In our nation(s) Capital

To:  Hon. cj Gregory M. Sleet and Staff, **Please Review Respondeat Superior ?**

Please see following <u>attached</u> documents  as  follows below:

1.  **" INSTRUCTIONS, CONCERNING EASY TO PROVE CHAIN <u>CONSPIRACY</u> BELOW " and its Exhibits.**

2.  **Judge Joseph J. Farnan Jr's MEMORANDUM ORDER dated October 31, 2007.**

Respectfully,  Submitted

Mr.  Dennis L. Smith " Pro  se"
P.O.  Box  311
Selbyville, Delaware  19975 – 0311

Date _November 25, 2007_

4

# <u>INSTRUCTIONS</u>, CONCERNING EASY TO PROVE CHAIN COMSPIRACY BELOW:

Using **( D. I. ----- )** numbers below when indicated, please understanding that, each number reference a recorded document, which is a COMPLETE STAPLED CERTIFIED COPY, " AS A TRUE COPY ", from **federal Court records**. Therefore, in some cases below, only a page or more may be enclosed as an Exhibit, from a **STAPLED** CERTIFIED copy as just mentioned, for exact – basis only evidence.

Furthermore, in summary, from the beginning it was two (2) false arrest claims in civil case No. 98 – 639 JJF, especially, especially the **" Prima facie case "** dated November 15, 1996 false arrest with unbeatable evidence as indicated on Exhibit E20 video tape, and the December 14, 1996, false arrest.

## Please See;

**( D. I. 58 )** Defendant's Opening Brief In Support Of Their Motion For Summary Judgment. Therefore, see the following **false statements** below;

1. on page # 2, under **" STATEMENT OF FACTS "** Attorney Bruce C. Herron, stated in paragraph # 1, and I quote, " ( November 9, 1996 Town of Frankford Criminal Investigation Report, A – 18)... Baynard **did not** observe any parking **violations** upon his arrival at Shockley Street.  ( A – 18 )." --- This statement is a false statement to deceive, a **SHAME**, a **LIE** and a **Miscarriage of Justice <u>with</u>** the proof of the **Exhibit E20** Evidences Video Tape. There is absolutely no question(s) as to the viability of; " Deprivation, of my Inalienable Civil Right's under Color of Law, see; **42 U.S.C.A. § 1983. <u>FACT</u>**. See attached ------------------------------------- **Exhibit AA**

2. on page # 3 under **" STATEMENT OF FACTS "** Attorney Bruce C. Herron, stated in paragraph # 2, and I quote, "... Baynard transported Smith to J.P. Court No. 3 for arraignment." ) --- This statement is a false statement to deceive, a **SHAME**, a **LIE** and **Obloguy Miscarriage of Justice <u>with</u>** the proof of the **Exhibit E20** Evidences Video Tape, **<u>FACT</u>**. See attached -------------------------------------------------- **Exhibit BB**

Under, federal code **42 U.S.C.A § 1981(a). / 28 U.S.C.A. § 1343.** therefore, I, (Mr. Dennis L. Smith ) must receive **Justice the <u>same</u> as if, I was a <u>White Man</u>** under federal Law, etc. Based on Attorney Bruce C. Herron and Judge Joseph J. Farnan Jr's unjust act(s) and deed(s), therefore I was denied Justice to this point in time. Therefore, see the Sequence **proof**, of **clear understanding** therein **Steps** 1, 2, 3, 4, 5, 6, 7 and 8 below:

1

**STEP 1 Sequence**

## DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1.   ( Attorney Bruce C. Herron ) confirmed, and I quote, "... but what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2);** except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed – " YES "** ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed – " YES "**

2.   ( Attorney Bruce C. Herron ) confirmed, **" There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST ..."**

( D. I. 143 ) "....what **Judge Farnan <u>has done</u>, he dismissed <u>all claims</u> EXCEPT for two (2)**..." This act and deed of Judge **Farnan's -- VS. --** ( D. I. 57 ), **IS NOT BASED** on this Motion for Summary Judgment below:



**( D. I. 57 )** Motion for **Summary Judgment** filed by Attorney Bruce C. Herron on **October 5, 2000.** Therefore, Attorney Bruce C. Herron is **knowledgeable** of **ONE (1) FALSE CLAIM,** as indicated below, **before February 22, 2007:**

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, which states and I quote,

" Pursuant to F.R.C.P.56, Defendants move for summary judgment as to plaintiff's claims

**( except the 42 U.S.C. § 1983 false arrest claim against Defendant Guy Baynard**

**relating to the December 14, 1996 incident )** on the grounds that there are no genuine

issues of material fact and defendants are entitled to judgment as a matter of law."

See attached ------------------------------------------------------------------------------- **Exhibit CC**

2

**STEP 2 Sequence**

## DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1.  ( Attorney Bruce C. Herron ) confirmed, and I quote, "… but what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2);** except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed – " YES "** ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed – " YES "**

2.  ( Attorney Bruce C. Herron ) confirmed, **" There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST …"**

( D. I. 143 ) "….what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2)**…" This act and deed of Judge **Farnan's -- VS. --** ( D. I. 58 ), **IS NOT BASED** on DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT below:



( D. I. 58 ) – Page # 13 only - **DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** also, filed by Attorney Bruce C. Herron on **October 5, 2000**. Therefore, Attorney Bruce C. Herron is **knowledgeable** of **ONE (1) FALSE CLAIM**, as indicated below, **before February 22, 2007:**

### " CONCLUSION "

" For the reasons stated above, defendants respectfully request that the Court enter summary judgment on their behalf **as to all** of plaintiff's claims **except the 42 U.S.C. § 1983 claim for false arrest** against Defendant Baynard **relating to the December 14, 1996 incident.**" See attached ---------------------------------------------------------- **Exhibit DD**

3

**STEP 3 Sequence**

**DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:**

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1.  ( Attorney Bruce C. Herron ) confirmed, and I quote, "… but what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2);** except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed** – " **YES** " ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed** – " **YES** "

2.  ( Attorney Bruce C. Herron ) confirmed, **" There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST …"**

( D. I. 143 ) "….what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2)**…" This act and deed of Judge **Farnan's -- VS. --** ( D. I. 88 ), **IS NOT BASED** on Judge Joseph J. Farnan , Jr's **own** Court Order, filed on February 9, 2004 , below:



**( D. I. 88 )** – Judge Joseph J. Farnan , Jr's **own** Court Order, filed on February 9, 2004, whcih also involves Attorney Bruce C. Herron. Therefore, Attorney Bruce C. Herron is **knowledgeable,** that he filed his **( D. I. 57 )** MOTION FOR SUMMARY and his **( D. I. 58 ),** DEFENDANTS' OPENING BRIEF <u>IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT,</u> as mentioned in **Step 1** and **Step 2** above, all concerning **ONE (1) FALSE CLAIM.** Therefore, Judge Fanan, Jr., **GRANTED** Attorney Bruce C. Herron's ( D. I. 57 ) MOTION FOR SUMMARY, as confirmed below, **before February 22, 2007:**

**" ORDER "**

" WHEREAS, the Court held a pretrial conference on February 5, 2004, in the

above-captioned matter,

NOW THEREFORE, IT IS HEREBY ORDERED, this 6 day of February, 2004,

4

for the reasons stated on the record at the February 5, 2004, pretrial conference that

Defendants' Motion For Summary Judgment ( **D. I. 57** ) is **GRANTED** with the exception

of Count II, False Arrest." See attached ------------------------------------------------- **Exhibit EE**

### STEP 4 Sequence

### DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1. ( Attorney Bruce C. Herron ) confirmed, and I quote, "... but what **Judge Farnan has done, he dismissed <u>all claims</u>** EXCEPT for two (2); except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed** – " YES " ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER,** where you called about parking " ( Mr. Dennis L. Smith ) **agreed** – " YES "

2. ( Attorney Bruce C. Herron ) confirmed, " **There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST ...**"

( D. I. 143 ) "....what **Judge Farnan** has done, **he dismissed <u>all claims</u>** EXCEPT for **two (2)**..." This act and deed of Judge **Farnan's -- VS. --** ( D. I. 111 ), **IS NOT BASED** on Attorney Bruce C. Herron's PROPOSED PRE – TRIAL ORDER, below:



( **D. I. 111** ) **Page # 5 only** – June 5, 2006, **PROPOSED PRE – TRIAL ORDER,** filed by Attorney Bruce C. Herron. Therefore, Attorney Bruce C. Herron is **knowledgeable,** of the fact, that he stated concerning **ONE (1) FALSE CLAIM,** and I quote, " It is **unclear** whether the Court's decision **applies only to the December 14, 1996 arrest...**", as indicated below, **before February 22, 2007:**

" 13. <u>Any other matters which the parties deem appropriate</u> -

The Court's Order of 2 / 6 / 04 granted Defendants' Motion for Summary Judgment "with

the exception of Count II, False Arrest." **It is unclear** whether the Court's decision **applies only** to the **December 14, 1996 arrest** for speeding and failure to stop on command and whether the Court has considered defendant's argument that plaintiff's false arrest claim relating to the November 19, 1996 incident should be dismissed because plaintiff's arrest occurred after defendant Baynard obtained a warrant from an independent judicial officer." See attached ---------------------------------------------- **Exhibit FF**


**STEP 5 Sequence**

**DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:**

# FEBRUARY 22, 2007, DATE OF AUDIO TAPE RECORDING STARTED HERE

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally <u>confirmed</u>** the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1. ( Attorney Bruce C. Herron ) confirmed, and I quote, "... but what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2);** except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed – " YES "** ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed – " YES "**

2. ( Attorney Bruce C. Herron ) confirmed, " **There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST ...**"

**STEP 5 Sequence -- CONTINUE**

---------- CONFIRMED FALSEHOOD BELOW ----------

( D. I. 143 ) - Exhibit **A and B**, "....what **Judge Farnan** <u>has done</u>, he dismissed <u>all claims</u> EXCEPT for two (2)..." His **ALLEGED** act(s) and deed(s) of Judge Farnan's, <u>can not be</u> founded in **WRITTEN PROOF**, therein those **PRIOR** mentioned above documents of records, as follows: **Step 1 – ( D. I. 57 )**, **Step 2 – ( D. I. 58 )**, **Step 3 – ( D. I. 88 )**, and **Step 4 – ( D. I. 111 )**. Therefore, **Attorney Bruce C. Herron** as an <u>officer</u> of the United States <u>Federal</u> District Court of Wilmington, Delaware did not tell me the truth on February 22, 2007, concerning Judge Joseph J. Farnan Jr's **alleged** statement(s) as just mentioned. **This falsehood / fabrication is illegal and unconstitutional.** Attorney Bruce C. Herron had me ( Mr. Dennis L. Smith ) believing that it was Judge Joseph J. Farnan's fault for taking away one of my false arrest claims, which was my November 15, 1996 false arrest claim, **but after looking into the details of these records as just mentioned in this paragraph, I now understand the truth.**

**STEP 6 Sequence**

**DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:**

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1. ( Attorney Bruce C. Herron ) confirmed, and I quote, "... but what **Judge Farnan** <u>has done</u>, he dismissed <u>all claims</u> EXCEPT for two (2); except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed – " YES "** ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed – " YES "**

2. ( Attorney Bruce C. Herron ) confirmed, **" There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST ..."**

( D. I. 143 ) "....what **Judge Farnan** <u>has done</u>, he dismissed <u>all claims</u> EXCEPT for two (2)..." Now, this **ALLEGED** act(s) and deed(s) of Judge **Farnan's** -- VS. -- ( D. I. 133 ), **IS NOT BASED** on this Motion **for "... <u>CLARIFICATION</u> OF THE COURT'S ORDER OF FEBRUARY 6, 2004...**" below:



( **D. I. 133** ) "… MOTION FOR CLARIFICATION OF THE COURT'S ORDER OF FEBRUARY **6, 2004**…" filed by Attorney Bruce C. Herron on **May 16, 2007**. Therefore, Attorney Bruce C. Herron is **knowledgeable** of **ONE (1) FALSE CLAIM**, as indicated below, **after** February 22, 2007:

" **DEFENDANT GUY D. BAYNARD'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER OF FEBRUARY 6, 2004 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION** "

" Defendant moves for clarification of the Court's Order of February 6, 2004

( D. I. 57 ). In support on his motion, defendant states as follows:

1.    On October 5, 2000 defendants Guy D. Baynard, Frankford Police

Department and Town Council members Kay A. Olmstead, Jessie Truit, Albert Oliver,

Steven C. Brought, Kenneth Lynch, Thomas Esender and Theodore Elser moved for

Summary judgment **as to all claims** against **all defendants** *except* for **the 42 U.S.C. §**

**1983 false** arrest **claim** against defendant Guy D. Baynard related to **plaintiff's**

**December 14, 1996 arrest. ( D. I. 57 ).**" See attached -------------------------- **Exhibit GG**

---

**This Clarification request, just mentioned above, is to the U.S. District Court, District of Delaware ( Wilmington ). Therefore, if we can not believe the Clarification from this Federal Court as indicated below, then what can we believe from this Constitutional High Court of the land, and what would not be questionable ?**

---

### STEP 7 Sequence

### DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1. ( Attorney Bruce C. Herron ) confirmed, and I quote, "… but what **Judge Farnan <u>has done</u>, he dismissed <u>all claims</u> EXCEPT for two (2);** except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed** – **" YES "** ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed** – **" YES "**

2. ( Attorney Bruce C. Herron ) confirmed, **" There are <u>two (2) claims here</u>, TWO (2) FALSE ARREST …"**

( D. I. 143 ) "….what **Judge Farnan <u>has done</u>, he dismissed <u>all claims</u> EXCEPT for two (2)**…" Now, this **<u>ALLEGED</u>** act(s) and deed(s) of Judge **Farnan'<u>s</u> -- VS. --** ( D. I. 140 ), **IS NOT BASED** on Judge Joseph J. Farnan Jr's own ORDER GRANTING D.I. 133 Defendant's Motion **Clarification** of the Court's 2/9/2004 Order, below:



**( D. I. 140 )** Judge Joseph J. Farnan Jr's **<u>own</u>** dated **July 5, 2007**. Therefore, Attorney Bruce C. Herron is **knowledgeable** of **ONE (1)  FALSE CLAIM**, as indicated below, **after** February 22, 2007:

" ORDER "

" WHEREAS, on **May 16, 2007**, Defendant Guy D. Baynard filed a Motion For

**Clarification** of The **Court's February 9, 2004 Order, Requesting** that the Court

**clarify its Order** and dismiss **<u>all claims</u>** except the false arrest claim against Defendant

Baynard ( D. I. 133);

WHEREAS, the Court **<u>understands</u>** that its **February 9, 2004, Order** ( D. I. **88** )

Granted the Defendant's Motion For Summary Judgment ( D. I. **57** ) **as** to **all of**

**Plaintiff's claims** except for Plaintiff's false arrest claim made pursuant to

**42 U.S.C. § 1983** against Defendant Baynard relating to the incidents of **December 14,**

**1996;...**" [1]   See attached --------------------------------------------------------------- **Exhibit HH**

---

[1]    In this paragraph, the term, " **incidents** of December 14, 1996 ", means **alleged** " Speeding **and** failure to stop on command ", nothing more. Furthermore, keep in mind, that Judge Joseph J. Farnan Jr., **understands** that his **February 9, 2004, Order ( D. I. 88** ) means the **same as** this Clarification Order just mentioned above.

**STEP 8 Sequence**

## DETRIMENTAL RELIANCE, BASED ON THE <u>FOUNDATION</u> OF SETTLEMENT BELOW:

( D. I. 143 ) – " Motion for Recusal " filed on July 19, 2007 by Dennis L. Smith. In this Motion, hear it's **Exhibit A**, a tape recording dated **February 22, 2007** which confirms **Exhibit B**. Therefore, Attorney Bruce C. Herron **verbally** confirmed the following statements to me ( Mr. Dennis L. Smith ), for a foundation to settle federal civil case No. 98 – 639 JJF. On this tape, **Attorney Bruce C. Herron as an <u>officer</u> of the United States Federal District Court** of Wilmington, Delaware confirmed the following:

1.  ( Attorney Bruce C. Herron ) confirmed, and I quote, "… but what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2);** except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) **agreed – " YES "** ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in **NOVEMBER, where you called about parking** " ( Mr. Dennis L. Smith ) **agreed – " YES "**

2.  ( Attorney Bruce C. Herron ) confirmed, **" There are <u>two (2) claims here,</u> TWO (2) FALSE ARREST …"**

( D. I. 143 ) "….what **Judge Farnan has done, he dismissed <u>all claims</u> EXCEPT for two (2)**…" Now, this **ALLEGED** act(s) and deed(s) of Judge **Farnan'<u>s</u> -- VS. --** ( D. I. 141 ), **IS NOT BASED** on  Judge Joseph J. Farnan Jr's own **JUDGMENT ORDER**, below:



**( D. I. 141 )** Judge Joseph J. Farnan Jr's **own <u>JUDGMENT ORDER</u>**, dated **July 5, 2007**. Therefore, Attorney Bruce C. Herron is **knowledgeable** of **ONE (1)  FALSE CLAIM**, as indicated below, **after February 22, 2007:**

### " JUDGMENT ORDER "

" At Wilmington, this 5 day of July 2007, in accordance with the Court's

February 9, 2004 Order ( D. I. 88)

IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in

favor of Defendants Frankford Police Department, Kay A. Olmstead, Jesse Truitt, Albert

Oliver, Steven C. Brought, Kenneth Lynch, Thomas W. Esender, and Theodore Elser,

and against Plaintiff on all of Plaintiff's claims, with the exception of Plaintiff's false

arrest claim made pursuant to 42 U.S.C § 1983 against Defendant Guy D. Baynard

relating to the **incidents of December 14, 1996.**" [1]  See attached ---------------- **Exhibit II**

---

[1]     Again, also in this paragraph, " **incidents** of December 14, 1996 ", means **alleged**
" Speeding **and** failure to stop on command ", nothing more.

# ( D. I. 143 )  MOTION FOR RECUSAL AND WHY, BELOW

On February 22, 2007 concerning Attorney Bruce C. Herronis who is an office of the United States Federal District Court of Wilmington, Delaware. **Therefore** I **believed and trusted** his statement about Judge Joseph J. Farnan Jr., as mentioned above in summary, to settle this civil case No. 98 – 639 JJF, but when I received and read Judge Joseph J. Farnan Jr's Court Order dated July 5, 2007 ( **D. I. 140** ) and his July 5, 2007 ( **D. I. 141** ) which clarify Attorney Bruce C. Herron's **request** concerning Judge Joseph J. Farnan Jr's **past** Court Order dated February 9, 2004 ( **D. I. 88** ). Therefore, Judge Farnan's Orders is a **contradiction** to Attorney Bruce C. Herron's statement, and I quote again in summary, **"... but what Judge Farnan has done, he dismissed all claims except for two (2);... ."**

**Therefore,** ( **D. I. 143** ) " Motion for Recusal filed on July 19, 2007, in this Motion's Exhibits, tape recording **Exhibit A** with its **supporting conspiracy plan** document **Exhibit B**, is the **FIRST** time that Attorney Bruce C. Herron and Judge Joseph J. Farnan Jr., / Court received a copy of this February 22, 2007 audio cassette tape recording, and I quote **in summary, "... but what Judge Farnan has done, he dismissed all claims except for two (2);... ."** ( NOTE: For the Record, I also, filed a Motion to Immediately Vacate on September 21, 2007 at 4:38 p.m. **28 U.S.C.A § 144** ) See attached ----------------------------------------------------------------------------------- **Exhibit JJ**

## ------ CONCLUSION ------

### A

Also I ( Mr. Dennis L. Smith ) now, can clearly see that Judge Joseph J. Farnan Jr's **Court Orders Rulings ( D. I. 88 ), ( D. I. 140 ),** and ( **D. I. 141** ) was based on Court recorded Records, concerning **only the December 14, 1996 false arrest claim.** *Therefore, it is now clear that Attorney Bruce C. Herron willfully did not, tell me the TRUTH on February 22, 2007.*

### B

### Cover – up for Attorney Bruce C. Herron, only after the knowledge of the February 22, 2007 tape recording as mentioned

( **D. I. 156** ) Judge Joseph J. Farnan Jr's MEMORANDUM ORDER dated October 31, 2007 on page # 2, under " I. Plaintiff's Motion

For Summary Judgment and Defendant's Motion To Stike."
Therefore, see footnotes " 1 ", and I quote, " **The Court's Clarification order was <u>NOT INTENDED</u> to limit Plaintiff's false arrest claims against Defendant Baynard, and the Court's reference to the " false arrest claim" in the singular was meant to embrace the totality of his claims including the allegations related to both the November 15, 1996 arrest and the December 14, 1996 arrest.**" This statement of Judge Farnan's **is not** based on recorded Federal Court's records as Judge Farnan knows.
See attached ---------------------------------------------------------------------------------- **Exhibit KK**

## C

**Attorney Bruce C. Herron, in his letter dated November 13, 2007 to me ( Mr. Dennis L. Smith ), stated and I quote, " As we discussed, our evaluation of the case was based on the <u>ASSUMPTION</u> that both arrests would proceed to trial." Likewise, this statement of Attorney Herron's is not based on recorded Federal Court's records as Attorney Herron knows.** See attached ----------------------------------------------------- **Exhibit LL**

**Now, at this point in time**, it is clear that Attorney Bruce C. Herron and Judge Joseph J. Farnan Jr., both are knowledgeable concerning the following documents as mentioned above:   **Step 1 – ( D. I. 57 ), Step 2 – ( D. I. 58 ), Step 3 – ( D. I. 88 ), and Step 4 – ( D. I. 111 ), Step 5 – ( *D. I. Except* ** Attorney Bruce C. Herron and Judge Joseph J. Farnan Jr., did not have this knowledge on February 22, 2007, but for the first time, they both had this knowledge on July 19, 2007 **), Step 6 – ( D. I. 133 ), Step 7 – ( D. I. 140 ), and   Step 8 – ( D. I. 141 )**

**( D. I. 143–** " Motion for Recusal filed on July 19, 2007, which contains Evidence --- **Exhibit A** and **Exhibit B**, for justice, which must not be cover – up by anyone ) **It is also, clear that the Federal Court's records shows one (1) false arrest claim, which is the December 14, 1996 only.**
--- And ---
**The " Prima facie case " of the November 15, 1996 false arrest claim, should never been, deceitfully <u>removed</u> from the beginning.**

14

Respectfully, Submitted

Mr. Dennis L. Smith " Pro se"
P.O. Box 311
Selbyville, Delaware 19975 – 0311

Date *November 25, 2007*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DENNIS L. SMITH                               :
                                              :       C.A. No. 98 – 00639  JJF
                                              :
              Interlocutory – Appellant,      :
                                              :
     vs.                                      :
                                              :
                                              :
EX – POLICE CHIEF GUY D.                      :
BAYNARD, INDIVIDUALLY AND AS  :
AGENT OF FRANKFORD TOWNSHIP, :
et al.,                                       :
                                              :
              Interlocutory – Appellee(s)  :

### AFFIDAVIT OF DENNIS L. SMITH

STATES  OF  DELAWARE     :
                         : SS.
NEW  CASTLE  COUNTY      :

       The, preceding - indelible truthful – statement(s) in the **Interlocutory – Appeal**

**Notice of Prohibited Overt – Intentional Manifest - Injustice** are true to the best of

my knowledge and belief(s); of; Dennis L. Smith and are in full vehement

compliance / Compliance(s) Here-with / Here – under;

**28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

_____              ___11_/_25_/_07_
Dennis L. Smith                          Date

## CERTIFICATE OF SERVICE

I hereby certify that two true copies of the **Interlocutory – Appeal Notice of Prohibited Overt – Intentional Manifest - Injustice** have been certified mailed or hand delivered on this  $\overline{25}$  day of November 2007, to Appellees' counsel and the following addresses:

Judge Joseph J. Farnan, Jr.
Office of the Clerk
United States District Court
844 N. King Street, Lockbox **18**
Wilmington, DE 19801 -3570
**Hand Delivered**
    **or**
**Certified Mail**
**7007 0710 0000 2888 9245**

The Honorable Robert Daisey, Mayor
of the Town of Frankford
P.O. Box 550
#5 Main Street
Frankford, Delaware 19945
**Certified Mail**
**7007 0710 0000 2888 9207**

Ms. **Dianna L. Mondeau**
Scottadale Insurance Company
P.O. Box 4120
Scottadale, AZ 85261 - 4120
**Certified Mail**
**7007 0710 0000 2888 9238**

**Mr. Bruce C. Herron esq.,**
1220 North Market Street # 300
P.O. Box 25047
Wilmington, Del., 19899 - 5047
**Hand Delivered**
    **or**
**7007 0710 0000 2888 9221**

**The Honoray, Colm F. Connolly esq.,**
United States Attorney For
The District of Delaware
P.O. Box 2046
Wilmington, Del., 19899 - 2046
**Certified Mail**
**7007 0710 0000 2888 9214**

All mentioned above, certified mailed or hand Delivered by Dennis L. Smith.

Dennis L. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS SMITH,                          :
                                       :
          Plaintiff,                   :
                                       :
     v.                                :   Civil Action No. 98-639-JJF
                                       :
EX-POLICE CHIEF GUY D.                 :
BAYNARD,                               :
                                       :
          Defendant.                   :

### MEMORANDUM ORDER

Pending before the Court are five Motions filed by
Plaintiff: (1) a Motion For Summary Judgment (D.I. 127); (2) a
Motion For Reconsideration (D.I. 144) of the Court's July 5, 2007
Order granting Defendant's Motion For Clarification (D.I. 140);
(3) a Motion To Stay the Court's Memorandum Order dated August
30, 2007 denying Plaintiff's request for recusal; (4) a Motion To
Expedite (D.I. 154); and (5) a Motion To Vacate (D.I. 155). In
response to Plaintiff's Motion For Summary Judgment, Defendant
has filed a Motion To Strike (D.I. 130). Plaintiff has not
responded to the Motion To Strike, and Defendant has not filed a
response to any of Plaintiff's other pending Motions. However,
the Court concludes that no further briefing is required with
respect to the pending motions, and they may be properly
adjudicated as filed. Accordingly, the Court will address each
Motion in turn.

## I.   Plaintiff's Motion For Summary Judgment and Defendant's Motion To Strike

By his Motion, Plaintiff requests the Court to enter summary judgment in his favor regarding his false arrest claims. Defendant contends that the Motion is untimely and should be stricken because dispositive motions were due on or before May 8, 2003.   Plaintiff filed his Motion on May 4, 2007, six days before the second pre-trial conference set in this matter.

The Court has reviewed the parties' arguments and concludes that Plaintiff's Motion For Summary Judgment is untimely, and therefore, will be stricken.  By separate Order, the Court will schedule trial on Plaintiff's false arrest claims against Defendant Baynard.[1]

---

[1]   Though not entirely clear, it appears to the Court from Plaintiff's other filings, that Plaintiff is concerned that the Court's July 5, 2007 Clarification Order had the effect of dismissing one of his false arrest claims against Defendant Baynard, specifically, his claim based on the November 15, 1996 arrest.  (See D.I. 155.)  The Court's Clarification Order was not intended to limit Plaintiff's false arrest claims against Defendant Baynard, and the Court's reference to the "false arrest claim" in the singular was meant to embrace the totality of his claims including the allegations related to both the November 15, 1996 arrest and the December 14, 1996 arrest.  Indeed, the latest Proposed Pretrial Order filed by Defendant Baynard in this case reflects the understanding that Plaintiff is proceeding against Defendant Baynard on two false arrest claims stemming from two separate incidents.

To the extent Defendant renewed his request for summary judgment regarding the November 15, 1996 arrest, the Court concludes that Defendant is not entitled to summary judgment. Defendant renewed his request for summary judgment by letter (D.I. 93) without the filing of any subsequent briefing. However, it appears from the Pretrial Order, that the question presented with regard to the November 15, 1996 arrest is whether

## II.  Plaintiff's Motion For Reconsideration Of The Court's July 5, 2007 Order

By his Motion Plaintiff requests the Court to reconsider its July 5, 2007 Order on Defendant's Motion For Clarification.  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the

---

the claim should be dismissed because Defendant Baynard obtained a warrant for Plaintiff's arrest from an independent judicial officer, i.e. an immunity argument.  (See D.I. 58 at 9.)  In his original Motion For Summary Judgment, Defendant directed the Court to Malley v. Briggs, 475 U.S. 335 (1986), for the proposition that Defendant was immune from suit because he obtained an independent judicial warrant.  However, Malley does not stand for that proposition.  In Malley, the Supreme Court concluded that an officer is not entitled to qualified immunity on the sole basis that a judicial officer issued a warrant. Rather, the question is whether a reasonably well-trained officer in the position of the defendant would have known that his affidavit failed to establish probable cause, and therefore, he should not have applied for a warrant in the first place.  Id. at 345; see also Berg v. County of Allegheny, 219 F.3d 261, 272-274 (3d Cir. 2000).  Defendant does not advance any facts or argument related to this issue, and bases his defense on the sole fact that a judicial officer issued a warrant.  The charges against Plaintiff were dismissed shortly after his arrest, and one of Plaintiff's complaints concerning Defendant Baynard is that he acted with racial animus.  In the Court's view, factual issues remain as to the reasonableness of Defendant Baynard's conduct under the circumstances, and therefore, full development of the record through trial on the merits is required.  Accordingly, the Court concludes that Defendant has not established, at this juncture, that he is entitled to judgment as a matter of law with respect to Plaintiff's claim based on the November 15, 1996 arrest.  In sum, this case is proceeding to trial on two claims of false arrest pursuant to 42 U.S.C. § 1983 and the common law based on two alleged incidents of false arrest, one on November 15, 1996 arrest and the other on December 14, 1996.

availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del.1990) (citations omitted); see also D. Del. LR 7.1.5.

Plaintiff has not provided the Court with any legal basis upon which to grant a request for reconsideration. The Court trusts that any confusion with respect to the language of the July 5, 2007 Order is clarified by footnote 1 to this Memorandum Order. To the extent Plaintiff expresses any other disagreement with the Order, the Court concludes that such disagreement is insufficient to warrant reconsideration. The Court's July 5, 2007 Order and subsequent Judgment Order accurately reflects the

current posture of this case. Summary judgment has been granted as to all of Plaintiff's claims, except for his false arrest claims against Defendant Baynard, which include allegations related to both the November 15, 1996 arrest[2] and the December 14, 1996 arrest. Those claims remains pending, and judgment was properly entered against the other Defendants in this case. Accordingly, the Court will deny Plaintiff's Motion For Reconsideration.

## III. Plaintiff's Remaining Motions

Though titled differently, each of Plaintiff's remaining pending motions essentially seeks the same thing, i.e. reconsideration of the Court's Order denying Plaintiff's Motion To Recuse. Plaintiff has not demonstrated that the Court abused its discretion in denying his Motion To Recuse, and therefore, the Court concludes that Defendant is not entitled to relief.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Plaintiff's Motion For Summary Judgment (D.I. 127) is **DENIED**.

2.    Plaintiff's Motion For Reconsideration (D.I. 144) of the Court's July 5, 2007 Order granting Defendant's Motion For

---

[2]    The Court notes that Plaintiff's submissions refers to the date of the alleged false arrest as November 15, 1996 and Defendant's submissions in this case indicate that the date is November 16, 1996. For purposes of this Memorandum Order, the Court has relied upon the date asserted by Plaintiff. In any event, however, the claim related to the November incident, whichever date is correct, remains pending along with the claim related to the December 14, 1996 incident as discussed by the Court in footnote 1 of this Memorandum Order.

Clarification (D.I. 140) is DENIED.

    3.    Plaintiff's Motion To Stay the Court's Memorandum Order dated August 30, 2007 denying Plaintiff's request for recusal is DENIED.

    4.    Plaintiff's Motion To Expedite (D.I. 154) is DENIED.

    5.    Plaintiff's Motion To Vacate (D.I. 155) is DENIED.

    6.    Defendant's Motion To Strike (D.I. 130) is GRANTED.

October 31, 2007
DATE

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS SMITH,                      :
                                   :
          Plaintiff,               :
                                   :
    v.                             :   Civil Action No. 98-639-JJF
                                   :
EX-POLICE CHIEF GUY D.             :
BAYNARD,                           :
                                   :
          Defendant.               :

## O R D E R

WHEREAS, a Revised Pretrial Order will be required in this action, and a Trial date must be scheduled;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.   The parties shall submit a Revised Pretrial Order no later than **Friday, November 23, 2007.**

2.   The parties shall discuss and advise the Court of their availability for trial in December 2007 or March 2008. Once a trial is scheduled, the Court will enter a Trial Management Order.

October 31, 2007
DATE

UNITED STATES DISTRICT JUDGE

Exhibit AA

**STATEMENT OF FACTS**

Exhibit AA

On November 9, 1996 at 12:00 a.m., Defendant Frankford Police Officer Guy Baynard received a dispatch directing him to respond to Shockley Street for a parking violation complaint. The reporting person was Plaintiff Dennis Smith. (November 9, 1996 Town of Frankford Criminal Investigation Report, A-18).[2] Baynard did not observe any parking violations upon his arrival at Shockley Street. (A-18).

Baynard asked Smith about the nature of the complaint. Smith refused to speak with Baynard and stated "You're a white, Mark Fuhrman rascist and I'm not talking to you. I want the Delaware State Police." (A-18). Baynard told Smith the Delaware State Police would not be coming and again inquired about Smith's complaint. Smith again refused to explain his complaint and called Baynard a rascist. Baynard left the scene. (A-18).

Later on November 9, 1996 Baynard prepared a warrant for plaintiff's arrest on a charge of falsely reporting an incident, 11 Del. C. §1246. Justice of the Peace William Wood found the existence of probable cause for the charge and signed the warrant on November 9, 1996. (A-20). Plaintiff was arrested in November 16, 1996. Deputy Attorney General Stephanie Tsantes dismissed the charge on December 11, 1996. (A-24).

On December 14, 1996 Baynard was on duty traveling westbound

---

[2]References to the Appendix to Defendants' Opening Brief in Support of Their Motion for Summary Judgment will be to "(A-  )."

2

Exhibit BB

*Exhibit BB*

on Reed Street in Frankford at 11:09 p.m. when he observed a small white vehicle eastbound on Reed Street.    (12/14/96 Frankford Police Department Criminal Investigation Report, A-26).    Baynard checked the vehicle's speed by using a moving radar unit.    The unit indicated a speed of 37 miles per hour in a 25 miles per hour zone.    Baynard reversed his direction of travel, activated his police car's emergency equipment and began to pursue the white vehicle.    The white vehicle did not stop, making a left turn onto Honolulu Street, another left onto Shockley Drive and finally pulling into plaintiff's property on Shockley Drive.    Baynard saw plaintiff jump out of the white vehicle and run into the house.    (A-26).

Baynard requested assistance from the State Police before making contact with plaintiff.    (A-26).    Once Trooper Fraley arrived, Baynard advised Smith that he was being cited for speeding and failure to stop on command.    Baynard requested that Smith sign the traffic summons.    Plaintiff refused to sign the summons.    Baynard transported Smith to J.P. Court No. 3 for arraignment.    Smith elected to transfer the case to the Court of Common Pleas.    Smith was released on $600.00 unsecured bond.    (A-26-27).    The Attorney General's office later dismissed the charges of speeding and failure to stop on command.

3

Exhibit CC

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF DELAWARE

$Exhibit$ CC

DENNIS SMITH,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )   C.A. No. 98-639 JJF
                                       )
EX-POLICE CHIEF GUY D.                 )   TRIAL BY JURY OF SIX DEMANDED
BAYNARD, AND FRANKFORD                 )
POLICE DEPARTMENT AND                  )
KAY A. OLMSTEAD, JESSE TRUITT,)
ALBERT OLIVER, STEVEN C.               )
BROUGHT, KENNETH LYNCH,                )
THOMAS W. ESENDER, AND                 )
THEODORE ELSER,                        )
                                       )
        Defendants.                    )

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to F.R.C.P. 56, Defendants move for summary

judgment as to plaintiff's claims (except the 42 U.S.C. §1983

false arrest claim against Defendant Guy Baynard relating to the

December 14, 1996 incident) on the grounds that there are no

genuine issues of material fact and defendants are entitled to

judgment as a matter of law.

SAWYER, AKIN & HERRON, P.A.

Bruce C. Herron
1220 N. Market Street, #608
P.O. Box 25047
Wilmington, DE 19899
Attorneys for Defendants

Dated:   Oct. 4, 2000



## AFFIDAVIT OF SERVICE

STATE OF DELAWARE    :
                    : SS.
NEW CASTLE COUNTY   :

     This is to certify that copies of the within Defendants'
Motion for Summary Judgment were mailed this _5th_ day of
October, 2000, to the parties listed below:

     Leonard Williams, Esq.
     1214 King Street
     Wilmington, DE 19801

     SWORN TO AND SUBSCRIBED before me, a Notary Public, the
day and year aforesaid.

_____
Notary Public

LISA G. COWCHOK
Notary Public, State of Delaware
My Commission Expires March 24, 2001

Exhibit DD

*Exhibit DD*

## CONCLUSION

For the reasons stated above, defendants respectfully request that the Court enter summary judgment on their behalf as to all of plaintiff's claims except the 42 U.S.C. §1983 claim for false arrest against Defendant Baynard relating to the December 14, 1996 incident.

SAWYER, AKIN & HERRON, P.A.

*Bruce E. Herron*

Bruce C. Herron
I.D. No. 2315
1220 N. Market Street, #608
P.O. Box 25047
Wilmington, DE 19899
Attorney for Defendants

13

Exhibit EE

*88*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS SMITH,                          :
                                       :                    *Exhibit EE*
            Plaintiff,                 :
                                       :
      v.                               :  Civil Action No. 98-639 JJF
                                       :
EX-POLICE CHIEF GUY D.                 :
BAYNARD, FRANKFORD POLICE              :
DEPARTMENT, KAY A. OLMSTEAD,           :
JESSE TRUITT, ALBERT OLIVER,           :
STEVEN C. BROUGHT, KENNETH             :
LYNCH, THOMAS W. ESENDER,              :
AND THEODORE ELSER,                    :
                                       :
            Defendants.                :

### ORDER

WHEREAS, the Court held a pretrial conference on February 5, 2004, in the above-captioned matter,

NOW THEREFORE, IT IS HEREBY ORDERED, this 6 day of February, 2004, for the reasons stated on the record at the February 5, 2004, pretrial conference that Defendants' Motion For Summary Judgment (D.I. 57) is **GRANTED** with the exception of Count II, False Arrest.[1]

                              *Joseph J. Farnan*
                              UNITED STATES DISTRICT JUDGE

                              CERTIFIED: 7/16/07
                              AS A TRUE COPY:
                                   ATTEST:
                                   PETER T. DALLEO, CLERK
                              BY _____
                                      Deputy Clerk

---

[1] The Court renewed Defendants' Motion For Summary Judgment (D.I. 57) at the February 5, 2004, pretrial conference.

Exhibit FF

10. Statements by counter claimants or cross claimants -

11. Any amendments of the pleadings -

*Exhibit FF*

12. A certification that a two-way certification has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement - The undersigned so certify.

13. Any other matters which the parties deem appropriate - The Court's Order of 2/6/04 granted Defendants' Motion for Summary Judgment "with the exception of Count II, False Arrest." It is unclear whether the Court's decision applies only to the December 14, 1996 arrest for speeding and failure to stop on command and whether the Court has considered defendant's argument that plaintiff's false arrest claim relating to the November 19, 1996 incident should be dismissed because plaintiff's arrest occurred after defendant Baynard obtained a warrant from an independent judicial officer.

14. This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest and justice -

5

Exhibit GG

*133*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DENNIS L. SMITH,                    )
                                    )        *Exhibit GG*
      Plaintiff,                    )
                                    )
v.                                  )    C.A. No. 98-639-JJF
                                    )
EX-POLICE CHIEF GUY D.              )
BAYNARD,                            )
                                    )
      Defendant.                    )

## DEFENDANT GUY D. BAYNARD'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER OF FEBRUARY 6, 2004 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION

Defendant moves for clarification of the Court's Order of February 6, 2004 (D.I. 57). In support on his Motion, defendant states as follows:

1. On October 5, 2000 defendants Guy D. Baynard, Frankford Police Department and Town Council members Kay A. Olmstead, Jessie Truitt, Albert Oliver, Steven C. Brought, Kenneth Lynch, Thomas Esender and Theodore Elser moved for summary judgment as to all claims against all defendants except for the 42 U.S.C. § 1983 false arrest claim against defendant Guy D. Baynard related to plaintiff's December 14, 1996 arrest. (D.I. 57).

2. In the Opening Brief in Support of their Motion (D.I. 58) defendants argued that defendant Town Council members were entitled to summary judgment in their individual capacities because they were not involved in the arrests of plaintiff by defendant Baynard. Defendants noted "the Complaint fails to

1

allege, and discovery has not revealed, any actions taken by the individual Council members in the...arrest...of plaintiff." Defendants also argued that there was no evidence of a municipal "custom or policy" leading to the arrests which could implicate the Frankford Police Department or the Council Members in their official capacities. Monell v. Dept. of Social Services, 436 U.S. 658, 642 (1978).

3. Plaintiff never filed an Answer Brief in Opposition to Defendants' Motion for Summary Judgment. The discovery deadline has long since passed.

4. On February 9, 2004 the Court granted Defendant's Motion for Summary Judgment "with the exception of Count II False Arrest." (D.I. 57).

5. Defendants believe the Court intended to dismiss all claims against all defendants except the 42 U.S.C. § 1983 false arrest claims against defendant Baynard. During discussions with the pro se plaintiff Mr. Smith it has become apparent that he believes the other defendants remain in the case.

6. Because plaintiff never filed an Answer Brief in Opposition to Defendants' Motion and because there is no evidence of (a) any municipal "custom or policy" leading to the alleged deprivation of plaintiff's constitutional rights or (b) that the individual Town Council members played any role in Chief Baynard's decision to arrest plaintiff, defendant requests that

2

the Court issue an Order dismissing all defendants with the exception of Guy D. Baynard.

**WHEREFORE**, defendant Guy D. Baynard requests that the Court clarify its Order of February 9, 2004 by dismissing all claims against all defendants with the exception of the false arrest claims against defendant Guy D. Baynard.

AKIN & HERRON, P.A.

/s/ Bruce C. Herron
Bruce C. Herron
Atty. I.D. No. 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806
(302) 427-6987
Attorney for Defendant

Dated: May 16, 2007

H:\tmw5\data\files\Docs\3434.000\MOT\7582.WPD

CERTIFIED: 11/16/07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

3

Exhibit HH

*(140)*

*Exhibit HH*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS L. SMITH,                    :
                                    :
              Plaintiff,            :
                                    :
      v.                            : Civil Action No. 98-639-JJF
                                    :
GUY D. BAYNARD, ET AL.,             :
                                    :
              Defendants.           :

### ORDER

WHEREAS, on May 16, 2007, Defendant Guy D. Baynard filed a
Motion For Clarification Of The Court's February 9, 2004 Order,
requesting that the Court clarify its Order and dismiss all
claims except the false arrest claim against Defendant Baynard
(D.I. 133);

WHEREAS, the Court understands that its February 9, 2004,
Order (D.I. 88) granted the Defendants' Motion For Summary
Judgment (D.I. 57) as to all of Plaintiff's claims except for
Plaintiff's false arrest claim made pursuant to 42 U.S.C. § 1983
against Defendant Baynard relating to the incidents of December
14, 1996;

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant Baynard's
Motion For Clarification (D.I. 133) is **GRANTED**; a final judgment
order as to the terminated Defendants and claims will be issued.

July 5, 2007                        _____
                                    UNITED STATES DISTRICT JUDGE

CERTIFIED:
AS A TRUE COPY: 11/16/09
    ATTEST:
PETER T. DALLEO, CLERK
BY _____
      Deputy Clerk

Exhibit II

*(141)*

*Exhibit II*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS L. SMITH,                    :

        Plaintiff,              :

    v.                              : Civil Action No. 98-639-JJF

GUY D. BAYNARD, ET AL.,            :

        Defendants.             :

## JUDGMENT ORDER

At Wilmington, this $\underline{5}$ day of July 2007, in accordance with the Court's February 9, 2004 Order (D.I. 88),

IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Defendants Frankford Police Department, Kay A. Olmstead, Jesse Truitt, Albert Oliver, Steven C. Brought, Kenneth Lynch, Thomas W. Esender, and Theodore Elser, and against Plaintiff on all of Plaintiff's claims, with the exception of Plaintiff's false arrest claim made pursuant to 42 U.S.C. § 1983 against Defendant Guy D. Baynard relating to the incidents of December 14, 1996.

 

_____
UNITED STATES DISTRICT JUDGE

_____
(By) DEPUTY CLERK

CERTIFIED: 11/16/17
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

Exhibit JJ

**IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE**

*(143)*

*Original     Exhibit + 23*

DENNIS SMITH
    PLAINTIFF        )
                )
                )    Case No. **98 - 00639 JJF**
V.                  )
                )
EX - POLICE CHIEF GUY D. BAYNARD,  )
INDIVIDUALLY AS AGENT OF    )
FRANKFORD TOWNSHIP        )
    AND            )
FRANKFORD POLICE DEPARTMENT    )
    AND            )
JESSE TRUITT, INDIVIDUALLY AND AS  )    **"Federal Question(s)"**
COUNCILMAN AND POLICE      )    **Illegally - Delayed**
COMMISSIONER, AND AGENT FOR    )
FRANKFORD TOWNSHIP        )    **28 U.S.C.A.  §   1331.**
    AND            )
ALBERT OLIVER, INDIVIDUALLY AND  )
AS COUNCILMAN, AND AGENT FOR   )
FRANKFORD TOWNSHIP        )
    AND            )
STEVEN C. BROUGHT, INDIVIDUALLY AND )
AS FORMER COUNCILMAN PRESIDENT,  )
AND AS AGENT FOR FRANKFORD    )
TOWNSHIP            )
    AND            )
KENNETH LYNCH, INDIVIDUALLY   )
AND COUNCILMAN AND AS AGENT FOR  )
FRANKFORD TOWNSHIP        )
    AND            )
THOMAS W. ESENDER, INDIVIDUALLY  )
AND AS FORMER COUNCILMAN    )
PRESIDENT, AND AS AGENT FOR    )
FRANKFORD TOWNSHIP        )
    AND            )
THEODORE ELSER, INDIVIDUALLY AND  )
AS COUNCILMAN, AND AS AGENT FOR  )
FRANKFORD TOWNSHIP        )

2007 JUL 19 PM 3: 29

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

DEFENDANTS                          )
                                    )

## Re:  28 U.S.C.A. §  455(b)(1).

## "Motion"

To at all deliberate " Speed; "

" Disqualify "

The current / incumbent **42 U.S.C.A. § 1985(3)**.

Biased / Prejudiced de facto presiding Judge;

The Hon. Joseph J. Farnan Jr., solely in the interest of " Justice ",.

I, the injured involuntarily, unconstitutionally, - {teamed - up - against} victim of ungodly invidious discrimination(s) " plaintiff; " Mr. Dennis L. Smith,. Due hereby truly feel in good faith that this, {over - due imperative} manifest relevant / pertinent **SUBSTANTIVE** " **Motion to disqualify** Judge shall; {ISSUE} due to;

{01}. The incumbent presiding justice'(s), full vehement " knowledge; " that this {Civil – Case}, has been " Pendente lite; " since; Nov. 16th, 1998, as a Matter of Law,.

{02}. The de facto , unethical, immoral, - " Despotic " current judge; Hon. Farnan, has totally evaded, the very fabric of the mandate(s) of Art. III . Section 2. Of, our Honorable; UNITED STATES CONSTITUTION, as well as **28 U.S.C.A. § 453**.

{03}. The constitutional expeditious administration of Justice , " DENIED ",. and therefore ground(s) too,. To disqualify (same) Civil – Case pending since November 16, 1998 {Sic}.

{04}. The autoptic factual obloquy of tangible fact(s), that this case in total mutual fairness, must end,. A.S.A.P. As a matter of " EQUAL JUSTICE, " Under the Law, and

2

is also substantiated {via} the following Prima facie **exhibits conspiracy sequence**; See and hear attached recorded tape **Exhibit A** for Detrimental Reliance issues, See attached **Exhibit B** for conspiracy plan, See attached **Exhibit C** of Attorney Bruce C. Herron's follow – up letter dated February 28, 2007 which is after this February 22, 2007 tape recording and see attached **Exhibit D** <u>clarification order,</u> which covered – up the **November 15, 1996** Prima facie false arrest.

## DECEIVING A PRO SE

Respectfully, Submitted,

Mr. Dennis L. Smith " Pro se "
P.O. Box 311
Selbyville, Delaware  19975 - 0311

Date _July 19, 2007_

3

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

DENNIS L. SMITH                              :
                                             :    C.A. No. 98 – 00639 JJF
                                             :
          Plaintiff,                         :
                                             :
    vs.                                      :
                                             :
                                             :
EX – POLICE CHIEF GUY D.                     :
BAYNARD, INDIVIDUALLY AND AS  :
AGENT OF FRANKFORD TOWNSHIP, :
et al.,                                      :
                                             :
          Defendants                         :

### AFFIDAVIT OF DENNIS L. SMITH

STATES  OF  DELAWARE       :
                           :  SS.
NEW CASTLE COUNTY          :

The, preceding - indelible truthful – statement(s) in the " **28 U.S.C.A. §**

**455(b)(1). Motion** " are true to the best of my knowledge and belief(s); of; Dennis

L. Smith and are in full vehement compliance / Compliance(s) Here-with / Here –

under; **28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

_____                        _July 19, 2007_
Dennis L. Smith                                Date

## CERTIFICATE OF SERVICE

I hereby certify that two true copies of the " **28 U.S.C.A. § 455(b)(1). Motion** " have been certified mailed or hand delivered on this _____ day of July 19, 2007, to defendants' counsel and the following addresses:

Judge Joseph J. Farnan, Jr.
Office of the Clerk
United States District Court
844 N. King Street, Lockbox **18**
Wilmington, DE 19801 -3570
**Hand Delivered**

The Honorable Robert Daisey, Mayor
of the Town of Frankford
P.O. Box 550
#5 Main Street
Frankford, Delaware 19945
**Certified Mail**
**7002 0460 0001 5101 7877**

**Mr. Bruce C. Herron esq.,**
1220 North Market Street # 300
P.O. Box 25047
Wilmington, Del., 19899 - 5047
**Hand Delivered**

**Ms. Dianna L. Mondeau**
Scottadale Insurance Company
P.O. Box 4120
Scottadale, AZ 85261 - 4120
**Certified Mail**
**7002 0460 0001 5101 7884**

**Notice: Exhibit A, Tape Recording** only to this Court and Attorney Bruce C. Herron one copy.

All mentioned above, certified mailed or hand Delivered by Dennis L. Smith,

Dennis L. Smith

Exhibit
A

See Attached

Exhibit A

TApe ReCording

Exhibit

B

# EXHIBIT B

### Key understanding:  ONLY – about what the Judge done / stated, but now CONTRADICTS  him self

I (Mr. Dennis L. Smith ) do hereby acknowledge **to the court**, and the tortfeason

adversarie(s) that I had a **DETRIMENTAL RELIANCE TO THE FOLLOWING**

The True fact(s)

On a tape recording dated February 22, 2007, hear the **AGREEMENT** concerning civil case No. 98 – 639 JJF, **TWO (2) FALSE ARREST** below:

On this tape mentioned above, Attorney Bruce C. Herron **as** an officer of the United

States **Federal** District Court of Wilmington, Delaware confirmed the following:

1. ( Attorney Bruce C. Herron ) confirmed, and I quote, "... but what **Judge Farnan has done**, he dismissed all claims except for two (2); except for the two (2) relating to the arrest by Chief Baynard, so that's really, those are the only issues that are out there." ( Mr. Dennis L. Smith ) agreed - " **YES**" ( Attorney Bruce C. Herron ) confirmed, and I quote, " The **first one**, was the, ah the one in November, where you **called about parking** " ( Mr. Dennis L. Smith ) agreed - **"YES'**

2. ( Attorney Bruce C. Herron ) confirmed, " **There are two (2) claims here, two (2) false arrest...**" -----------Note: Hear this tape details on attached **Exhibit A, eassette tape**

Attorney Bruce C. Herron as a witness and a officer of the Unites States Federal court, who confirmed that **Judge Joseph J. Farnan Jr.** and I, ( Mr. Dennis L. Smith ), all are in the same agreement as to, two (2) false arrest only remaining in this case, which are the **November 15**, 1996 and the **December 14, 1996** arrest.

At the June 12, 2007 settlement meeting Attorney Bruce C. Herron stated for the first time, that he believe(s) and I quote; that I (Mr. Dennis L. Smith) was falsely arrested on November 15, 1996 or **we would not be** setting here in this meeting.

This **November 15, 1996** false arrest has been a **Prima Facie Case** since 1998 through to this date. ----------------- ( Evidence see video tape E20 )

# Vs

See page 2

Page 2

### Proscribed, Vexatious CONSPIRACY PLAN - 42 U.S.C.A. § 1985(3).

Based on **officer / witness** of the court, **Attorney Bruce C. Herron's** recorded statements as mentioned above, therefore Judge Joseph J. Farnan Jr's **Clarification order** ( D.I. 140 ) dated July 5, 2007 is **deceitful** by covering –up and not pointing out the **November 15, 1996 false arrest as** Attorney Bruce C. Herron and I ( Mr. Dennis L. Smith ) **AGREED on February 22, 2007, before this July 5, 2007 order**. In this Clarification order, see this quote from this Judge's order, and I quote, " WHEREAS, the court understands that its February 9, 2004, order (D.I. 88) granted the Defendants' Motion For Summary Judgment (D.I. 57) as to all of Plaintiff's claims except for Plaintiff's false arrest claim made pursuant to 42 U. S. C. § 1983 against Defendant Baynard relating to **the incidents of December 14, 1996**;...."

Judge Joseph J. Farnan Jr., and Attorney Bruce C. Herron had my **E20 Video Tape** and ex – police Chief Guy D. Baynard's **November 15, 1996 Affidavit of Probable Cause – Exhibit A and B**, with other Evidences for many years. Judge Joseph J. Farnan Jr., illegally allowed this case to be pending for approximately eight (8) years and illegally allowed a **Prima Facie November 15, 1996** false arrest, done by the Town of Frankford's ex – police Chief Guy D. Baynard to be covered – up and all **RESPONSIBLE** individuals that **HIRED** ex – police Chief Guy D. Baynard for a **FEE** , to go FREE of their Actionable Negligence.

All Lawyers and Judges must, Upholding the Constitution of the United States and must not unconstitutionally trick and/or deceive and/or partake of illegal act and/or acts against a Citizen Constitutional Right(s). More may be involved in this " conspiracy plan " which may have stated in 1994.

Clearly this **unfair " clarification order "** is design to help Attorney Bruce C. Herron, the Town of Frankford's government and ex - Police Chief Guy D. Baynard. -------- **Conspiracy against Rights    18 U.S.C.A. § 241**

*Dennis J Smith*    July 19, 2007

Exhibit

C

*Exhibit*
*C*

# AKIN & HERRON, P.A.
### ATTORNEYS AT LAW

ROGER A. AKIN

BRUCE C. HERRON

1500 SHALLCROSS AVENUE
SUITE 1-A
WILMINGTON, DELAWARE 19806

(302) 655-5552
(302) 655-3697 FAX

Writer's Direct Dial
(302) 427-6987

www.rabhlaw.com

E-Mail
bch@rabhlaw.com

February 28, 2007

VIA ELECTRONIC FILING
Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street, 4th floor
Wilmington, DE 19801

> RE:  **Dennis L. Smith v. Ex-Police Chief Guy D. Baynard**
> **C.A. No. 98-639-JJF**

Dear Judge Farnan:

This is Defendant's Status Report as requested by the Court's
letter of February 20, 2007.

I met with Mr. Smith last week to discuss possible settlement, as
well as the option of private mediation. My clients are willing to
consider private mediation. I believe the input of a neutral party
would be helpful. I have forwarded my clients' written settlement
proposal to Mr. Smith.

Based on the Court's Order of February 9, 2004 (D.I. 88) the only
remaining defendant is Ex-Police Chief Baynard and plaintiff's only
remaining claims are for false arrest. If we are unable to resolve
the case in the next few weeks it is unlikely the case can be settled.
Defendant therefore requests that the Court set a trial date with
respect to the remaining claims.

> Respectfully submitted,
> /s/ Bruce C. Herron
> Bruce C. Herron
> Attorney for Defendant

BCH:tad
cc:  U.S. District Court Clerk (via first class mail)
     Mr. Dennis Smith (via first class mail)

H:\tmw5\data\files\Docs\3434.000\CORR\6878.wpd

Exhibit

D

D.I. 148

*Exhibit*
*D*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS L. SMITH,                        :

          Plaintiff,                    :
                                        :
     v.                                 : Civil Action No. 98-639-JJF
                                        :
GUY D. BAYNARD, ET AL.,                 :
                                        :
          Defendants.                   :

## ORDER

WHEREAS, on May 16, 2007, Defendant Guy D. Baynard filed a
Motion For Clarification Of The Court's February 9, 2004 Order,
requesting that the Court clarify its Order and dismiss all
claims except the false arrest claim against Defendant Baynard
(D.I. 133);

WHEREAS, the Court understands that its February 9, 2004,
Order (D.I. 88) granted the Defendants' Motion For Summary
Judgment (D.I. 57) as to all of Plaintiff's claims except for
Plaintiff's false arrest claim made pursuant to 42 U.S.C. § 1983
against Defendant Baynard relating to the incidents of December
14, 1996;

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant Baynard's
Motion For Clarification (D.I. 133) is **GRANTED**; a final judgment
order as to the terminated Defendants and claims will be issued.

July 5, 2007                11/16/07

                                    _____
                                    UNITED STATES DISTRICT JUDGE

**CERTIFIED:**
**AS A TRUE COPY:**
**ATTEST:**
PETER T. DALLEO CLERK
BY _____
        Deputy Clerk

Exhibit KK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS SMITH,                         :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :    Civil Action No. 98-639-JJF
                                      :
EX-POLICE CHIEF GUY D.                :
BAYNARD,                              :
                                      :
          Defendant.                  :

## MEMORANDUM ORDER

Pending before the Court are five Motions filed by

Plaintiff:  (1) a Motion For Summary Judgment (D.I. 127); (2) a

Motion For Reconsideration (D.I. 144) of the Court's July 5, 2007

Order granting Defendant's Motion For Clarification (D.I. 140);

(3) a Motion To Stay the Court's Memorandum Order dated August

30, 2007 denying Plaintiff's request for recusal; (4) a Motion To

Expedite (D.I. 154); and (5) a Motion To Vacate (D.I. 155).  In

response to Plaintiff's Motion For Summary Judgment, Defendant

has filed a Motion To Strike (D.I. 130).  Plaintiff has not

responded to the Motion To Strike, and Defendant has not filed a

response to any of Plaintiff's other pending Motions.  However,

the Court concludes that no further briefing is required with

respect to the pending motions, and they may be properly

adjudicated as filed.  Accordingly, the Court will address each

Motion in turn.

I.    **Plaintiff's Motion For Summary Judgment and Defendant's
      Motion To Strike**

By his Motion, Plaintiff requests the Court to enter summary

judgment in his favor regarding his false arrest claims.

Defendant contends that the Motion is untimely and should be

stricken because dispositive motions were due on or before May 8,

2003.  Plaintiff filed his Motion on May 4, 2007, six days before

the second pre-trial conference set in this matter.

The Court has reviewed the parties' arguments and concludes

that Plaintiff's Motion For Summary Judgment is untimely, and

therefore, will be stricken.  By separate Order, the Court will

schedule trial on Plaintiff's false arrest claims against

Defendant Baynard.[1]

---

[1]    Though not entirely clear, it appears to the Court from
Plaintiff's other filings, that Plaintiff is concerned that the
Court's July 5, 2007 Clarification Order had the effect of
dismissing one of his false arrest claims against Defendant
Baynard, specifically, his claim based on the November 15, 1996
arrest.  (See D.I. 155.)  The Court's Clarification Order was not
intended to limit Plaintiff's false arrest claims against
Defendant Baynard, and the Court's reference to the "false arrest
claim" in the singular was meant to embrace the totality of his
claims including the allegations related to both the November 15,
1996 arrest and the December 14, 1996 arrest.  Indeed, the latest
Proposed Pretrial Order filed by Defendant Baynard in this case
reflects the understanding that Plaintiff is proceeding against
Defendant Baynard on two false arrest claims stemming from two
separate incidents.

To the extent Defendant renewed his request for summary
judgment regarding the November 15, 1996 arrest, the Court
concludes that Defendant is not entitled to summary judgment.
Defendant renewed his request for summary judgment by letter
(D.I. 93) without the filing of any subsequent briefing.
However, it appears from the Pretrial Order, that the question
presented with regard to the November 15, 1996 arrest is whether

**II.  Plaintiff's Motion For Reconsideration Of The Court's July
5, 2007 Order**

By his Motion Plaintiff requests the Court to reconsider its

July 5, 2007 Order on Defendant's Motion For Clarification.  The

purpose of a motion for reconsideration is to correct manifest

errors of law or fact or to present newly discovered evidence.

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A

motion for reconsideration may be granted if the moving party

shows: (1) an intervening change in the controlling law; (2) the

_____

the claim should be dismissed because Defendant Baynard obtained
a warrant for Plaintiff's arrest from an independent judicial
officer, i.e. an immunity argument.  (See D.I. 58 at 9.)  In his
original Motion For Summary Judgment, Defendant directed the
Court to Malley v. Briggs, 475 U.S. 335 (1986), for the
proposition that Defendant was immune from suit because he
obtained an independent judicial warrant.  However, Malley does
not stand for that proposition.  In Malley, the Supreme Court
concluded that an officer is not entitled to qualified immunity
on the sole basis that a judicial officer issued a warrant.
Rather, the question is whether a reasonably well-trained officer
in the position of the defendant would have known that his
affidavit failed to establish probable cause, and therefore, he
should not have applied for a warrant in the first place.  Id. at
345; see also Berg v. County of Allegheny, 219 F.3d 261, 272-274
(3d Cir. 2000).  Defendant does not advance any facts or argument
related to this issue, and bases his defense on the sole fact
that a judicial officer issued a warrant.  The charges against
Plaintiff were dismissed shortly after his arrest, and one of
Plaintiff's complaints concerning Defendant Baynard is that he
acted with racial animus.  In the Court's view, factual issues
remain as to the reasonableness of Defendant Baynard's conduct
under the circumstances, and therefore, full development of the
record through trial on the merits is required.  Accordingly, the
Court concludes that Defendant has not established, at this
juncture, that he is entitled to judgment as a matter of law with
respect to Plaintiff's claim based on the November 15, 1996
arrest.  In sum, this case is proceeding to trial on two claims
of false arrest pursuant to 42 U.S.C. § 1983 and the common law
based on two alleged incidents of false arrest, one on November
15, 1996 arrest and the other on December 14, 1996.

availability of new evidence that was not available when the
court issued its order; or (3) the need to correct a clear error
of law or fact or to prevent manifest injustice.  Max's Seafood
Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration is not properly grounded on a
request that a court rethink a decision already made. See Glendon
Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D.
Pa. 1993).  Motions for reargument or reconsideration may not be
used "as a means to argue new facts or issues that inexcusably
were not presented to the court in the matter previously
decided."  Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240
(D. Del.1990).  Reargument, however, may be appropriate where
"the Court has patently misunderstood a party, or has made a
decision outside the adversarial issues presented to the Court by
the parties, or has made an error not of reasoning but of
apprehension."  Brambles USA, 735 F. Supp. at 1241 (D. Del.1990)
(citations omitted); see also D. Del. LR 7.1.5.

Plaintiff has not provided the Court with any legal basis
upon which to grant a request for reconsideration.  The Court
trusts that any confusion with respect to the language of the
July 5, 2007 Order is clarified by footnote 1 to this Memorandum
Order.  To the extent Plaintiff expresses any other disagreement
with the Order, the Court concludes that such disagreement is
insufficient to warrant reconsideration.  The Court's July 5,
2007 Order and subsequent Judgment Order accurately reflects the

current posture of this case.  Summary judgment has been granted
as to all of Plaintiff's claims, except for his false arrest
claims against Defendant Baynard, which include allegations
related to both the November 15, 1996 arrest[2] and the December
14, 1996 arrest.  Those claims remains pending, and judgment was
properly entered against the other Defendants in this case.
Accordingly, the Court will deny Plaintiff's Motion For
Reconsideration.

## III. Plaintiff's Remaining Motions

Though titled differently, each of Plaintiff's remaining
pending motions essentially seeks the same thing, i.e.
reconsideration of the Court's Order denying Plaintiff's Motion
To Recuse.  Plaintiff has not demonstrated that the Court abused
its discretion in denying his Motion To Recuse, and therefore,
the Court concludes that Defendant is not entitled to relief.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Plaintiff's Motion For Summary Judgment (D.I. 127) is
**DENIED**.

2.    Plaintiff's Motion For Reconsideration (D.I. 144) of
the Court's July 5, 2007 Order granting Defendant's Motion For

---

[2]    The Court notes that Plaintiff's submissions refers to
the date of the alleged false arrest as November 15, 1996 and
Defendant's submissions in this case indicate that the date is
November 16, 1996.  For purposes of this Memorandum Order, the
Court has relied upon the date asserted by Plaintiff.  In any
event, however, the claim related to the November incident,
whichever date is correct, remains pending along with the claim
related to the December 14, 1996 incident as discussed by the
Court in footnote 1 of this Memorandum Order.

Clarification (D.I. 140) is **DENIED**.

    3.    Plaintiff's Motion To Stay the Court's Memorandum Order dated August 30, 2007 denying Plaintiff's request for recusal is **DENIED**.

    4.    Plaintiff's Motion To Expedite (D.I. 154) is **DENIED**.

    5.    Plaintiff's Motion To Vacate (D.I. 155) is **DENIED**.

    6.    Defendant's Motion To Strike (D.I. 130) is **GRANTED**.

October 31, 2007
DATE

UNITED STATES DISTRICT JUDGE

CERTIFIED:  11/16/07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY
Deputy Clerk

Exhibit LL

*Exhibit LL*

# AKIN & HERRON, P.A.

ATTORNEYS AT LAW

ROGER A. AKIN

BRUCE C. HERRON

1500 SHALLCROSS AVENUE
SUITE 1-A
WILMINGTON, DELAWARE 19806

(302) 655-5552
(302) 655-3697 FAX

Writer's Direct Dial
(302) 427-6987

www.rabhlaw.com

E-Mail
bch@rabhlaw.com

November 13, 2007

**VIA FAX TO 302-732-3006 & FIRST CLASS MAIL**
Mr. Dennis Lee Smith
P.O. Box 311
Selbyville, DE 19975

**RE: Dennis L. Smith v. Ex-Police Chief Guy D. Baynard
C.A. No. 98-639-JJF**

Dear Mr. Smith:

During our recent conversation you increased your settlement demand in response to the Court's Order clarifying the dismissal of all plaintiff's claims with the exception of the two false arrest claims. As we discussed, our evaluation of the case was based on the assumption that both arrests would proceed to trial. Therefore, the Town's insurer will not reevaluate its final settlement offer of $25,000.00.

Very truly yours,

Bruce C. Herron

BCH:tad

H:\tmw5\data\files\Docs\3434.000\CORR\9385.wpd