# In And For
# The 03rd Judicial Circuit
# Of
# These United States

*original*

| | |
|---|---|
| Mr. Dennis L. Smith )<br>)<br>    Interlocutory - Appellant, )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>Frankford Township, and Terminated )<br>{former – notorious}, Chief of Police )<br>Guy D. Baynard et al, )<br>)<br>    Interlocutory - Appellee(s) ) | C. A. No. 98 – 639<br>USDC - DE<br><br>28 U.S.C.A § 144.<br><br>**Abuse of Discretion - JJF**<br>**Manifest - Injustice** |

## Re: 28 U.S.C.A § 1292(a)(1). § 1331. § 1343 § 1657.

### " INTERLOCUTORY – APPEAL"

### NOTICE OF MOTION(S) TO STAY / APPEAL

Now Here come(s) Mr. Dennis L. Smith, Pro se moving as Pro se movant / I,

Specifically request that the following Abuse of Discretion based; Superficial illicit

Wrongful denial(s) of EQUAL JUSTICE under the Law; of the inferior Court below'(s)

MEMORANDUM ORDER dated October 31, 2007 below From; U.S. Dist. of Del.

Please legally except this as multiple – individual motion(s) to attempt to STAY /

Appeal these interlocutory inferior ORDER(S) from civil Action No. 98 – 639 ---- as

a matter of Law; Here – under; **28 U.S.C.A § 1292(a)(1)..**

1

The following subject to:

Viable Interlocutory - Appeal, Here – under; **28 U.S.C.A § 1292(a)(1).** as follows below:

1. " Plaintiff's Motion For Summary Judgment ( D. I. 127 ) is **DENIED**."

2. " Plaintiff's Motion For Reconsideration ( D. I. 144 ) of the Court's July 5, 2007 Order granting Defendant's Motion For Clarification ( D. I. 140 ) is **DENIED**."

3. " Plaintiff's Motion For Stay the Court's Memorandum Order dated August 30, 2007 denying Plaintiff's request for recusal ( D. I. 153 ) is **DENIED**."

4. " Plaintiff's Motion To Expedite ( D. I. 154 ) is **DENIED**."

5. " Plaintiff's Motion To Vacate ( D. I. 155 ) is **DENIED**."

In essence, the de facto / despotic Hon. JJF of the Court below was unequivocally;

{a}. Abused his de facto Discretion and indubitably , wrongfully violated;

**28 U.S.C.A. § 144.** In which was legally – officially, docketed, in the U.S. District of Delaware on; **September 21, 2007**.

Please note: Judge Farnan Jr., should'nt have proceeded, any further, under Rational basis Test, explicitly, Federalized – congressional legislation.

To:  Ms Marcia M. Waldron – Clerk

To:  The Honorable Circuit Justice
     Honorable / Unprecedented
     David H. Souter of the Illustrious – Eminent {9}
     In our nation(s) Capital

To:  Hon. cj Gregory M. Sleet and Staff, **Please Review Respondeat Superior ?**

Respectfully, Submitted

*Dennis L. Smith* (signature)
Mr. Dennis L. Smith " Pro se"
P.O. Box 311
Selbyville, Delaware 19975 – 0311

Date *November 25, 2007*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DENNIS L. SMITH                               :
                                                                                    : C.A. No. 98 – 00639 JJF

      Interlocutory - Appellant,    :

vs.

EX – POLICE CHIEF GUY D.                      :
BAYNARD, INDIVIDUALLY AND AS                  :
AGENT OF FRANKFORD TOWNSHIP,                  :
et al.,                                       :
      Interlocutory – Appellee(s)    :

**AFFIDAVIT OF DENNIS L. SMITH**

STATES OF DELAWARE    :
                      : SS.
NEW CASTLE COUNTY     :

The, preceding - indelible truthful – statement(s) in the **Interlocutory – Appeal** **STAY / APPEAL** are true to the best of my knowledge and belief(s); of; Dennis L. Smith and are in full vehement compliance / Compliance(s) Here-with / Here – under; **28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

_____           11/25/07
Dennis L. Smith                                 Date

# CERTIFICATE OF SERVICE

I hereby certify that two true copies of the **Interlocutory – Appeal STAY / Appeal** have been certified mailed or hand delivered on this __25__ day of November 2007, to Appellees' counsel and the following addresses:

Judge Joseph J. Farnan, Jr.
Office of the Clerk
United States District Court
844 N. King Street, Lockbox **18**
Wilmington, DE 19801-3570
**Hand Delivered**
  or
**Certified Mail**
7007 0710 0000 2888 9245

**Mr. Bruce C. Herron esq.**,
1220 North Market Street # 300
P.O. Box 25047
Wilmington, Del., 19899 - 5047
**Hand Delivered**
  or
7007 0710 0000 2888 9221

**The Honoray, Colm F. Connolly esq.**,
United States Attorney For
The District of Delaware
P.O. Box 2046
Wilmington, Del., 19899 - 2046
**Certified Mail**
7007 0710 0000 2888 9214

The Honorable Robert Daisey, Mayor
of the Town of Frankford
P.O. Box 550
#5 Main Street
Frankford, Delaware 19945
**Certified Mail**
7007 0710 0000 2888 9207

**Ms. Dianna L. Mondeau**
Scottadale Insurance Company
P.O. Box 4120
Scottadale, AZ 85261 - 4120
**Certified Mail**
7007 0710 0000 2888 9238

All mentioned above, certified mailed or hand Delivered by Dennis L. Smith.

_Dennis L. Smith_ (signature)
Dennis L. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS SMITH,                      :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :   Civil Action No. 98-639-JJF
                                   :
EX-POLICE CHIEF GUY D.             :
BAYNARD,                           :
                                   :
        Defendant.                 :

## MEMORANDUM ORDER

Pending before the Court are five Motions filed by Plaintiff: (1) a Motion For Summary Judgment (D.I. 127); (2) a Motion For Reconsideration (D.I. 144) of the Court's July 5, 2007 Order granting Defendant's Motion For Clarification (D.I. 140); (3) a Motion To Stay the Court's Memorandum Order dated August 30, 2007 denying Plaintiff's request for recusal; (4) a Motion To Expedite (D.I. 154); and (5) a Motion To Vacate (D.I. 155). In response to Plaintiff's Motion For Summary Judgment, Defendant has filed a Motion To Strike (D.I. 130). Plaintiff has not responded to the Motion To Strike, and Defendant has not filed a response to any of Plaintiff's other pending Motions. However, the Court concludes that no further briefing is required with respect to the pending motions, and they may be properly adjudicated as filed. Accordingly, the Court will address each Motion in turn.

I.  **Plaintiff's Motion For Summary Judgment and Defendant's Motion To Strike**

By his Motion, Plaintiff requests the Court to enter summary judgment in his favor regarding his false arrest claims. Defendant contends that the Motion is untimely and should be stricken because dispositive motions were due on or before May 8, 2003. Plaintiff filed his Motion on May 4, 2007, six days before the second pre-trial conference set in this matter.

The Court has reviewed the parties' arguments and concludes that Plaintiff's Motion For Summary Judgment is untimely, and therefore, will be stricken. By separate Order, the Court will schedule trial on Plaintiff's false arrest claims against Defendant Baynard.[1]

---

[1] Though not entirely clear, it appears to the Court from Plaintiff's other filings, that Plaintiff is concerned that the Court's July 5, 2007 Clarification Order had the effect of dismissing one of his false arrest claims against Defendant Baynard, specifically, his claim based on the November 15, 1996 arrest. (See D.I. 155.) The Court's Clarification Order was not intended to limit Plaintiff's false arrest claims against Defendant Baynard, and the Court's reference to the "false arrest claim" in the singular was meant to embrace the totality of his claims including the allegations related to both the November 15, 1996 arrest and the December 14, 1996 arrest. Indeed, the latest Proposed Pretrial Order filed by Defendant Baynard in this case reflects the understanding that Plaintiff is proceeding against Defendant Baynard on two false arrest claims stemming from two separate incidents.

To the extent Defendant renewed his request for summary judgment regarding the November 15, 1996 arrest, the Court concludes that Defendant is not entitled to summary judgment. Defendant renewed his request for summary judgment by letter (D.I. 93) without the filing of any subsequent briefing. However, it appears from the Pretrial Order, that the question presented with regard to the November 15, 1996 arrest is whether

II. **Plaintiff's Motion For Reconsideration Of The Court's July 5, 2007 Order**

By his Motion Plaintiff requests the Court to reconsider its July 5, 2007 Order on Defendant's Motion For Clarification. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the

---

the claim should be dismissed because Defendant Baynard obtained a warrant for Plaintiff's arrest from an independent judicial officer, i.e. an immunity argument. (See D.I. 58 at 9.) In his original Motion For Summary Judgment, Defendant directed the Court to Malley v. Briggs, 475 U.S. 335 (1986), for the proposition that Defendant was immune from suit because he obtained an independent judicial warrant. However, Malley does not stand for that proposition. In Malley, the Supreme Court concluded that an officer is not entitled to qualified immunity on the sole basis that a judicial officer issued a warrant. Rather, the question is whether a reasonably well-trained officer in the position of the defendant would have known that his affidavit failed to establish probable cause, and therefore, he should not have applied for a warrant in the first place. Id. at 345; see also Berg v. County of Allegheny, 219 F.3d 261, 272-274 (3d Cir. 2000). Defendant does not advance any facts or argument related to this issue, and bases his defense on the sole fact that a judicial officer issued a warrant. The charges against Plaintiff were dismissed shortly after his arrest, and one of Plaintiff's complaints concerning Defendant Baynard is that he acted with racial animus. In the Court's view, factual issues remain as to the reasonableness of Defendant Baynard's conduct under the circumstances, and therefore, full development of the record through trial on the merits is required. Accordingly, the Court concludes that Defendant has not established, at this juncture, that he is entitled to judgment as a matter of law with respect to Plaintiff's claim based on the November 15, 1996 arrest. In sum, this case is proceeding to trial on two claims of false arrest pursuant to 42 U.S.C. § 1983 and the common law based on two alleged incidents of false arrest, one on November 15, 1996 arrest and the other on December 14, 1996.

availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del.1990) (citations omitted); see also D. Del. LR 7.1.5.

Plaintiff has not provided the Court with any legal basis upon which to grant a request for reconsideration. The Court trusts that any confusion with respect to the language of the July 5, 2007 Order is clarified by footnote 1 to this Memorandum Order. To the extent Plaintiff expresses any other disagreement with the Order, the Court concludes that such disagreement is insufficient to warrant reconsideration. The Court's July 5, 2007 Order and subsequent Judgment Order accurately reflects the

current posture of this case. Summary judgment has been granted as to all of Plaintiff's claims, except for his false arrest claims against Defendant Baynard, which include allegations related to both the November 15, 1996 arrest[2] and the December 14, 1996 arrest. Those claims remains pending, and judgment was properly entered against the other Defendants in this case. Accordingly, the Court will deny Plaintiff's Motion For Reconsideration.

### III. Plaintiff's Remaining Motions

Though titled differently, each of Plaintiff's remaining pending motions essentially seeks the same thing, i.e. reconsideration of the Court's Order denying Plaintiff's Motion To Recuse. Plaintiff has not demonstrated that the Court abused its discretion in denying his Motion To Recuse, and therefore, the Court concludes that Defendant is not entitled to relief.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Summary Judgment (D.I. 127) is **DENIED**.

2. Plaintiff's Motion For Reconsideration (D.I. 144) of the Court's July 5, 2007 Order granting Defendant's Motion For

---

[2] The Court notes that Plaintiff's submissions refers to the date of the alleged false arrest as November 15, 1996 and Defendant's submissions in this case indicate that the date is November 16, 1996. For purposes of this Memorandum Order, the Court has relied upon the date asserted by Plaintiff. In any event, however, the claim related to the November incident, whichever date is correct, remains pending along with the claim related to the December 14, 1996 incident as discussed by the Court in footnote 1 of this Memorandum Order.

Clarification (D.I. 140) is **DENIED**.

3. Plaintiff's Motion To Stay the Court's Memorandum Order dated August 30, 2007 denying Plaintiff's request for recusal is **DENIED**.

4. Plaintiff's Motion To Expedite (D.I. 154) is **DENIED**.

5. Plaintiff's Motion To Vacate (D.I. 155) is **DENIED**.

6. Defendant's Motion To Strike (D.I. 130) is **GRANTED**.

October 31, 2007
DATE

UNITED STATES DISTRICT JUDGE

11-01-'07 16:36 FROM-Akin & Herron 302-655-869 T-210/012 F-467
Case 1:98-cv-00639-JJF Document 161-65 Filed 11/26/2007 Page 12 of 12
Case 1:98-cv-00639-JJF Document 157 Filed 10/31/2007 Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS SMITH, :
:
    Plaintiff, :
:
v. : Civil Action No. 98-639-JJF
:
EX-POLICE CHIEF GUY D. :
BAYNARD, :
:
    Defendant. :

## O R D E R

WHEREAS, a Revised Pretrial Order will be required in this action, and a Trial date must be scheduled;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The parties shall submit a Revised Pretrial Order no later than **Friday, November 23, 2007.**

2. The parties shall discuss and advise the Court of their availability for trial in December 2007 or March 2008. Once a trial is scheduled, the Court will enter a Trial Management Order.

_October 31, 2007_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE